OAKLAND HOME INSURANCE COMPANY v. BANK OF COMMERCE OF GRAND ISLAND.

FILED MARCH 18, 1896.    No. 6363.

1. **Insurance:** OWNERSHIP OF PROPERTY: QUESTION FOR JURY. In an action upon an insurance policy, one defense being that the insurer had parted with all interest in the insured property before the policy was issued, the question whether the insured was at the time the policy issued the owner of the property, was on conflicting evidence properly submitted to the jury. *Rochester Loan & Banking Co. v. Liberty Ins. Co.*, 44 Neb., 537, followed.

2. **Transfer of Property:** ASSIGNMENT OF POLICY: RIGHTS OF MORTGAGEE. The policy was sued on by the Bank of

Commerce, a mortgagee of the premises. It was issued to the owner, J., and contained provisions whereunder a transfer of the property, or an assignment of the policy without consent of the insurer, avoided the policy. Before the loss, J. had conveyed the premises to B., and assigned the policy to him. The insurer pleaded this conveyance and assignment without consent of the insurer, as a defense. Attached to the policy was the following: "Loss, if any, under this policy, payable to the Bank of Commerce, or its assigns, as its mortgage interest may then appear." In the body of the policy was the following: "If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest, as shall be written upon, attached or appended hereto." *Held*, (*a*) That these two clauses should be construed together; (*b*) that the clause in the body of the policy rendered conditions expressed in the policy applicable to the interest of a mortgagee having rights thereunder, only where there was written upon, attached or appended to the policy some provision or condition rendering such conditions of the policy applicable, and defining the manner of their applicability; (*c*) that the clause attached to the policy containing no such provision or condition, the mortgagee was entitled to recover, notwithstanding conditions in the policy which might defeat a recovery by the owner.

ERROR from the district court of Hall county. Tried below before HARRISON, J.

The facts are stated in the opinion.

*W. H. Platt* and *Ralph Platt*, for plaintiff in error:

The assured, J. Nelson Jones, has no standing or rights under the policy. The pleadings and evidence show that long prior to the loss he parted with all interest he may have had in the

property. (*McCluskey v. Providence Washington Ins. Co.*, 126 Mass., 306; *Ætna Ins. Co. v. Tyler*, 16 Wend. [N. Y.], 385; *Wilson v. Hill*, 3 Met. [Mass.], 66.)

There was no valid assignment of the policy from Jones to the owner of the property at the time of the loss. The company is not liable to such owner. (*Jecko v. St. Louis Fire & Marine Ins. Co.*, 7 Mo. App., 308; *Morrison v. Tennessee Marine & Fire Ins. Co.*, 59 Am. Dec. [Mo.], 299.) ·

The company is not liable to the Bank of Commerce to which the loss, if any, was made payable. (*Carpenter v. Providence Washington Ins. Co.*, 16 Pet. [U. S.], 500; *Loring v. Manufacturers Ins. Co.*, 8 Gray [Mass.], 28; *Grosvenor v. Atlantic Fire Ins. Co.*, 17 N. Y., 391; *Davis v. German American Ins. Co.*, 135 Mass., 251.)

Reference is also made to the following cases: *Friemensdorf v. Watertown Ins. Co.*, 1 Fed. Rep., 68; *Bates v. Equitable Fire Ins. Co.*, 10 Wall. [U. S.], 33; *Illinois Mutual Fire Ins. Co. v. Fix*, 53 Ill., 151; *Buffalo Steam Engine Works v. Sun Mutual Ins. Co.*, 17 N. Y., 401; *Pupke v. Resolute Fire Ins. Co.*, 17 Wis., 378.

*W. H. Thompson* and *W. A. Prince*, contra.

References: *Wilson v. Conway Fire Ins. Co.*, 4 R. I., 141; *Columbia Ins. Co. v. Cooper*, 50 Pa. St., 331; *Neilson v. Harford*, 8 M. & W. [Eng.], 813; *Boner v. Mahle*, 3 La. Ann., 600; *Watrous v. McKie*, 54 Tex., 65.

IRVINE, C.

This was an action on a policy of fire insurance written in favor of J. Nelson Jones, and having attached an instrument signed by the agents issu-

ing the policy, the essential part of which is as follows: "Loss, if any, under this policy payable to the Bank of Commerce, or its assigns, as its mortgage interest may then appear." The policy and the slip attached both bore date October 17, 1889, and were both executed on that day. The policy ran for five years from that date. Not far from the time when the policy was issued, the premises insured were conveyed to one Brownfield, and an assignment to Brownfield signed by Jones appears on the policy. This bears two dates,—October 17, 1889, and December 12, 1890. No written approval of this assignment appears on the policy. The Bank of Commerce was the owner of mortgages on the premises to the full amount of the policy. A total loss occurred October 19, 1890. In the district court there was a verdict and judgment for the plaintiff, which is defendant in error, to reverse which the insurance company brings the case here.

The contentions of the insurance company, based on proper assignments of error, are as follows:

First—That the conveyance to Brownfield was prior to the issuance of the policy, and that therefore Jones had no insurable interest, and the policy never took effect.

Second—That under the conditions of the policy it was avoided by the attempted assignment thereof before loss without the consent of the company.

Third—That what is styled the "loss payable clause" attached to the policy was merely a direction as to who should receive the proceeds in case of loss; that it was subject to all the conditions of the policy, and the policy not being

available to Jones because of a want of insurable interest by his conveyance of the property and assignment of the policy to Brownfield, the bank, deriving its rights entirely through Jones, cannot recover.

We shall consider these several propositions without special reference to the assignments of error on which they are based.

As to the first point, it is enough to say that there was evidence sufficient to sustain a finding that while negotiations had been carried on before the policy was issued, looking toward a sale of the property by Jones to Brownfield, and while a deed of conveyance had actually been executed, the deed had not been delivered and the contract of sale had not assumed an obligatory form until some time after the issuance of the policy. This issue was submitted to the jury under instructions, part of which were not excepted to by the company. It was properly a question for the jury. (*Rochester Loan & Banking Co. v. Liberty Ins. Co.*, 44 Neb., 537.) The verdict on this issue cannot be disturbed, and it must therefore be taken as settled that Jones was the owner when the policy was issued.

We may pass over the second contention and assume, for the purposes of this case, that the subsequent transfer of the property and assignment of the policy by Jones to Brownfield would be sufficient to prevent a recovery by Jones and would vest no right in Brownfield. We do not think the soundness of this contention is necessarily involved in the decision of the case.

We therefore go directly to the claim of the plaintiff. The "loss payable clause" has already been quoted. In the body of the policy appears

50

the following: "If, with the consent of this com-
pany, an interest under this policy shall exist in
favor of a mortgagee or of any person or corpo-
ration having an interest in the subject of in-
surance other than the interest of the insured
as described herein, the conditions hereinbefore
contained shall apply in the manner expressed
in such provisions and conditions of insurance
relating to such interest, as shall be written upon,
attached, or appended hereto." That the plaint-
iff did have an interest as mortgagee in the sub-
ject of insurance, and that this interest was cre-
ated with the consent of the company is indis-
putable. The question is as to the construction
of the latter portion of this clause. There can be
no doubt that the "loss payable clause," and this
clause quoted from the body of the policy, must
be construed together. It is the contention 'of
the insurance company, in effect, that the "loss
payable clause" was not an independent contract
between the mortgagee and the insurer, but was
simply a direction as to payment, and that the
mortgagee's rights must be derived through those
of the owner, in spite of the clause in the body of
the policy, which it claims should be so con-
strued as to make all the conditions and pro-
visions of the policy binding upon the mortgagee
except as other stipulations in the "loss payable
clause" might vary those provisions and condi-
tions. If the language were ambiguous in its
grammatical signification, we would be com-
pelled to adopt that construction which would
be more favorable to the insured. Insurance
policies are not contracts deliberated upon, clause
by clause, and effected after detailed negotia-
tions between insured and insurer. The actual

contract is for the most part entered into before
the policy is delivered. The policy is proposed
and tendered by the insurer on its own form. If
it seeks to protect itself by a condition it should
clearly express that condition by the policy. If
it resorts to ambiguous language, under familiar
rules of construction, such language must be
taken most strongly against the party proposing
it and in favor of the other party. But we do
not see any marked ambiguity in this policy.
We repeat the clause, omitting words not essen-
tial to its construction on the feature before us.
"If * * * an interest * *. * shall exist
in favor of a mortgagee . * * * the conditions
hereinbefore contained shall apply in the manner
expressed in such provisions and conditions of
insurance relating to such interest as shall be
written upon, attached, or appended hereto."
"The conditions hereinbefore contained shall ap-
ply," not absolutely, but in a qualified way, "in
the manner expressed in such provisions and
conditions * * * * as shall be written
upon, attached, or appended hereto;"—that is, in
order to render the general conditions of the
policy applicable to the interest of a mortga-
gee there must be written upon, attached, or
appended to the policy, relating to the interest
of the mortgagee, some provisions or condi-
tions expressing in what manner the conditions
of the policy shall be so applicable. Neither in
the "loss payable clause" nor otherwise by writ-
ing upon, attached to, or appended to the policy
was there any provision or condition carrying the
conditions of the policy into such clause or ren-
dering them in any manner applicable. The au-
thorities cited by plaintiff in error are not op-

posed to this construction. In some cases the mortgage clause was not executed until after the policy had become voidable, and was then issued without new consideration while the insurer was ignorant of the facts avoiding the policy. In other cases the "loss payable clause" stood alone without provision in the policy as to its meaning or extent. In this case, in view of the clause in the policy, the "loss payable clause" must be taken as if it contained an express provision insuring the mortgagee without regard to the conditions imposed upon the owner in the body of the policy. So construed, the case falls within the rule announced in the *Phenix Ins. Co. v. Omaha Loan & Trust Co.*, 41 Neb., 834. As we view the case, the mortgagee was entitled to recover to the extent of its interest without regard to acts or omissions of the owner which might, as between the insurer and such owner, defeat a recovery.

JUDGMENT AFFIRMED.

HARRISON, J., not sitting.