## THE QUEEN INSURANCE COMPANY

*v.*

## DEARBORN SAVINGS, LOAN AND BUILDING ASSOCIATION.

*Opinion filed October 24, 1898.*

175  115
79a 222

175      115
98a  ²155

175    115
p100a²458

175    115
d209  ²117

1. INSURANCE—*language of policy construed strictly as against insurer.* The language of an insurance policy, particularly where it seeks to limit the liability of the insurer, is to be strictly construed against the latter.

2. SAME—*language of a policy, referring to mortgagee's interest, construed.* Where a fire policy provides that in case an interest shall exist in favor of a mortgagee, "the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended thereto," the mortgagee is subjected to those conditions only which are stipulated in the part of the policy evidencing his interest, and unless therein stated he is not bound to make proof of loss and bring suit according to the conditions imposed upon the insured in the body of the policy.

MAGRUDER, J., dissenting.

*Queen Ins. Co. v. Dearborn S., L. & B. Ass.* 75 Ill. App. 371, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

A fire insurance policy was issued by the appellant to Ellie L. Graham, to which was attached a mortgagee slip making the loss payable to the appellee as its interest might appear. This slip was printed and contained a number of conditions, and seems to have been what is known as the "New York standard mortgagee clause." A loss occurred, and appellee brought suit in its own name. The defenses against a recovery were, that proof of loss was not made within sixty days, and that suit was not brought within twelve months after the fire. There was no dispute as to the facts. A jury was waived. At the close of the plaintiff's evidence a motion was made to find for the defendant, which was overruled. Appellant also submitted appropriate propositions of law, which raised the said defenses. The trial court found in favor of the appellee, and the Appellate Court affirmed that finding.

The errors assigned raise the points whether the defenses should not have been sustained, and whether the amount of interest included in the judgment is excessive, and also a question as to the admissibility of evidence.

TENNEY, McCONNELL, COFFEEN & HARDING, for appellant.

A. B. JENKS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

That there existed between the appellant insurance company and the appellee, the mortgagee of the insured property, a contract of insurance distinct from that which existed between the company and the owner is not and cannot be questioned. (*Hartford Ins. Co.* v. *Olcott,* 97 Ill. 439; *Traders' Ins. Co.* v. *Race,* 142 id. 338.) The question is,

what are the terms of that contract? Manifestly, the loss clause alone would not be sufficient to constitute such a contract. It is not sufficiently complete to be given that effect. Do all the terms and conditions imposed on the owner in his contract apply also to the mortgagee's contract? The answer must be found in the stipulations, construed in the light of the surrounding circumstances. In the main body of the policy we find a clause as follows: "If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee,  *  *  * the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended thereto." The meaning of this clause is, as we understand it, that in case a mortgagee clause is added, the contract with the mortgagee shall include only such conditions as appear in such mortgagee clause or slip. The language of the policy, particularly in determining whether the liability is limited, is always to be strictly construed against the insurer. (*Commercial Ins. Co.* v. *Robinson,* 64 Ill. 265.) Under the well known rule of construction, "*Expressio unius est exclusio alterius,*" the statement in this clause that certain conditions shall apply, but only as set forth in the mortgagee slip, excludes all conditions not contained therein. The mortgagee slip in this case contains no such conditions as are claimed by the defendant. Had it been desired to impose the obligation on the mortgagee to make proof of loss, that requirement should have been inserted in the conditions applicable to the mortgagee.

What we have said applies equally to the limitation as to bringing suit within twelve months. The conditions in the body of the policy, by virtue of the clause above cited, are applicable solely to the insured, as distinguished from the mortgagee. This construction of the contract is sustained by the Supreme Court of Nebraska in *Oakland Home Fire Ins. Co.* v. *Bank of Commerce,* 47 Neb. 717.

We are cited by counsel for .appellant to two cases which seem to sustain their contention: *Southern Building and Loan Ass.* v. *Home Ins. Co.* 94 Ga. 167, and *American Building and Loan Ass.* v. *Farmers' Ins. Co.* 11 Wash. 619. Both of these cases hold that the conditions in the body of the policy are applicable to the mortgagee. From an examination of the cases it is not clear that there was any such clause as the one above quoted, in the policies there involved. At all events, we prefer the rule here announced and adopted in the Nebraska case referred to, believing it the sounder doctrine.

These views dispose of the merits of the main questions involved, and also of the question of interest. Unless the contract as to the mortgagee entitled the company to sixty days, or some other time, within which to pay, the amount was due immediately upon the loss, and as we have construed that contract, interest allowed from that date was proper.

At the trial the court permitted the secretary of the association to testify as to the interest of the appellee in the property. The debt included dues, interest and premium, and may have included fines, taxes and assessments. The better rule would perhaps have been to have required proof of the items that went to make up the total amount due, but if the answer of the witness stated a mere conclusion, the facts on which that conclusion was based could readily have been ascertained on cross-examination. The bond showing the indebtedness was in evidence. It is not claimed that the interest of the mortgagee in the property was less than the face of the policy. We cannot see how the error, if error it be conceded to be, could affect the appellant prejudicially.

Under the law as applied to the contract in question the judgment is right. It is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.