WILLIAM THOMAS EAST *v.* NEW ORLEANS INSURANCE
ASSOCIATION.

1. INSURANCE.   *Fire policy.   Recovery by mortgagee.   Policy forfeited by
     mortgagor.*

   Where the "loss payable clause" of a policy of fire insurance insures
   a mortgagee without reference to conditions imposed upon the
   owner of the property, the former may recover, as his interest ap-
   pears, though the contract as to the latter has been avoided by
   his conveyance of the property.

2. SAME.   *Case.*

   Where a policy of fire insurance, to which is attached a clause making
   the loss, if any, payable to the mortgagee, as his interest may ap-
   pear, provides, in the body thereof, that "if   .   .   .   an interest
   .   .   .   shall exist in favor of a mortgagee,   .   .   .   the conditions
   hereinbefore contained shall apply in the manner expressed in
   such provisions and conditions of insurance relating to such inter-
   est as shall be written upon or attached, or appended thereto,"
   and there is neither in the "loss payable clause," nor in any writ-
   ing upon, attached to, or appended to the policy, any provision or
   condition carrying the conditions of the policy into such clause, or
   rendering them in any manner applicable, the mortgagee is, in
   case of loss, entitled to recover to the extent of his interest with-
   out regard to acts or omissions of the owner, which might, as be-
   tween such owner and the insurance company, defeat a recovery.

FROM the circuit court of Lincoln county.

HON. ROBERT POWELL, Judge.

William Thomas East, appellant, was the plaintiff in the
court below; the New Orleans Insurance Association was de-
fendant there.   The insurance association, on the twenty-third
day of May, 1896, insured James W. East for one year from
that day against loss by fire to the amount of $500 on a resi-
dence described in the policy.   A total loss occurred by the
burning of the residence on the twenty-seventh day of March,

1897, of which the association had due notice. William Thomas East, at the time of the insurance and loss, had an interest as mortgagee in the residence amounting to the sum of $500. The policy of insurance which was attached to the declaration and which, by statute, became a part of it, contained the following provisions:

1. "Loss payable clause. Any loss that may be ascertained and proven to be due the assured under this policy shall be held payable, first, to William Thomas East as interest may appear, and balance, if any, to assured.

2. "This policy shall be void if any change other than by the death of insured take place in the interest title or possession of the subject of insurance, whether by legal process or judgment, or by the voluntary act of the insured, or otherwise.

3. "If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, or attached, or appended thereto."

This suit was brought by the mortgagee, William Thomas East, in his own name, and in his declaration he alleged the foregoing facts; and also that said residence was of the value of $900, and that James W. East, who owned the property when insured, after the issuance of the policy of insurance, and before the burning of the residence, had, without the knowledge and consent of plaintiff, conveyed the same and the premises of which it was a part to one Smith. To the declaration the insurance association demurred; the demurrer was sustained by the court below and the plaintiff's suit dismissed; from such judgment the plaintiff, William Thomas East, appealed to the supreme court.

*Cassedy & Cassedy*, for appellant.

The general conditions of the policy were intended to apply exclusively to the insured, and, ordinarily, when loss by the consent of the insurer is made payable to another having a limited interest in the subject of insurance, his right of recovery on the policy would be measured by the right of the insured, and any breach of the conditions working a forfeiture as to the insured would defeat recovery by the party to whom loss was made payable. In this case, for instance, if a provision in the policy, limiting the operation of its condition when applied to an interest existing under the policy in favor of the mortgagee, etc., having an interest in the subject of insurance, so that they shall apply in the "manner" with reference to such interest "as shall be written upon, attached or appended thereto," had been omitted, and only the loss payable clause inserted, then the general conditions of the policy would have applied, and the right of appellant to recover would have been dependent upon the right of the insured to recover. The special provision referred to, however, taken in connection with the loss payable clause, constituted an independent contract with the mortgagee. The failure to write upon the policy, to attach or append to it in writing, the manner in which the conditions of the policy were to apply to the interest of the mortgagee, is equivalent to an express declaration that they shall not apply to such interest in any manner whatever, and without such condition the loss, to the extent of the interest of the mortgagee, would be payable to him absolutely and unconditionally. If this is not the construction to be placed upon the special provision, then it is useless and meaningless in the policy, and to so treat it would be to violate the well-known rule of construction requiring effect, if possible, to be given to every provision of a contract.

The only case directly in point upon the very question involved here, that we have been able to find, *Oakland Home Ins.*

*Co.* v. *Bank of Commerce*, 47 Neb., 717, s. c. 58 Am. St. Rep., 633, sustains our position.

As to the right of the mortgagee to maintain the action, we cite the case of *Lowry* v. *Ins. Co.*, 75 Miss., 43, and as to the rules governing the construction of fire insurance policies, we cite *Boyd* v. *Ins. Co.*, 75 Miss., 47.

*A. C. McNair*, for appellee.

By the terms of the policy it is avoided if any "change other than by the death of the assured takes place in the interest, title or the possession of the subject of insurance." That such is the result when the assured sells or conveys the insured property cannot be doubted. 3 Joyce on Insurance, sec. 2238; *Savage* v. *Howard Insurance Co.*, 11 Am. Rep., 741; *Trabue* v. *Insurance Co.*, 48 Am. St. Rep., 523; *Cottingham* v. *Insurance Co.*, 9 L. R., 627.

The policy having been taken in the name of the mortgagor, the contract is with him and for the insurance of his interest, notwithstanding the insurance is made payable to the mortgagee, in case of loss, and the mortgagee can recover only in case the mortgagor could have done so unless the policy contains special provisions in favor of the mortgagee. The making of the policy payable to the mortgagee is regarded as an appointment to receive the money which might become due from the insurers by reason of any loss which the mortgagor might sustain. It is still a contract to indemnify the mortgagor against loss, and not a contract to indemnify the mortgagee. *In re Moore*, 6 Daly (N. Y.), 541; *Franklin, etc.*, v. *Insurance Co.*, 119 Mass., 240; *Tumer* v. *Insurance Co.*, 109 Mass., 568; *Fogg* v. *Insurance Co.*, 10 Cush. (Mass.), 337; *Hale* v. *Insurance Co.*, 6 Gray (Mass.), 169; *Loring* v. *Insurance Co.*, 8 Gray, 28; *Brunswick, etc.*, v. *Insurance Co.*, 68 Mo., 313; *Smith* v. *Insurance Co.*, 120 Mass., 90; *Bank* v. *Insurance Co.*, 125 Mass., 431; *Merwin* v. *Insurance Co.*, 7 Hun., 659; 1 Jones on Mortgages, sec. 406; *Insurance Co.* v.

*Fix*, 53 Ill., 151; *Pupke* v. *Insurance Co.*, 17 Wis., 378; 84 Am. Dec., 754; *Grosvenor* v. *Insurance Co.*, 17 N. Y., 391; *Hocking* v. *Insurance Co.*, 63 Am. St. Rep., 862.

The appellant's contention is sustained by but one authority, that of the *Oakland, etc., Insurance Co.* v. *Bank of Commerce*, 47 Neb., 717; 58 Am. St. Rep., 663. The decision is illogical and out of harmony with the holdings of the text books and of all other courts. It misconceives the office and effect of the clause.

TERRAL, J., delivered the opinion of the court.

The conveyance of the insured premises by James W. East to Smith debars James W. East of any suit against the defendant company, for that conveyance, we think, made a change in the title and interest of James W. East in said premises, and such change in the title or interest of James W. East, by the express terms of the policy, avoids it as to him. The right of William Thomas East, however, is governed by two clauses of the policy —*i. e.*, by the loss payable clause and the mortgage clause. The loss payable clause stipulates to pay William Thomas East whatever interest he may have in the insured premises at the time of the loss, and the mortgage clause, in effect, stipulates to pay William Thomas East his interest in the manner and on the conditions expressed in the loss payable clause. Taking the two clauses together, they amount to a promise to pay William Thomas East his interest in the insured premises, without regard to the conditions affecting the interest of James W. East.

There is no condition in the loss payable clause, or elsewhere in the policy, that carries the conditions attached to the interest of James W. East and applies them as conditions to the interest of William Thomas East, and there being none expressed in the policy they cannot be imparted by implication.

As the loss payable clause agrees to pay William Thomas East his interest in the insured premises at the time of loss, and as the mortgage clause stipulates that the only conditions that shall

apply to the interest of William Thomas East are those expressed in the loss payable clause, these two clauses constitute a promise to pay William Thomas East whatever sum may be due him by James W. East at the time of loss, without regard to any act or default of James W. East.

There is no condition, except in the loss payable clause and in the mortgage clause, relating to the interest of William Thomas East, and, by the express stipulations of the latter clause, the conditions that should affect the right of William Thomas East are those conditions written upon or attached to the conditions relating to such interest, and as there are no conditions relating to such interest written upon or attached thereto, except such as have been complied with by William Thomas East, we conclude upon the averments of his declaration he is entitled to recover the sum sued for. The precise question here, on a policy similar in all respects to this, and in a suit on similar facts, was decided by the supreme court of Nebraska, in which decision the court said: "In order to render the general conditions of the policy applicable to the interest of the mortgagee there must be written upon, attached, or appended to the policy, relating to the interest of the mortgagee, some provision or condition expressing in what manner the conditions of the policy shall be applicable. Neither in the loss payable clause nor otherwise by writing upon, attached to or appended to the policy was there any provision or condition carrying the conditions of the policy into such clause or rendering them in any manner applicable. In this case, in view of the clause of the policy, the loss payable clause must be taken as if it contained an express provision insuring the mortgagee without regard to the conditions imposed upon the owner in the body of the policy." *Oakland H. I. Co.* v. *Bank of Commerce*, 58 Am. St. Rep., 663, s. c. 47 Neb., 717.

*Reversed and remanded.*