C. CHRISTENSON *et al.*, Appellants v. THE FIDELITY INSUR-
ANCE COMPANY.

Construction of Policy: INTEREST OF MORTGAGEE: *Forfeiture by
  foreclosure.* An insurance policy provided that it should be
  void if the property became incumbered, or, with the knowl-
  edge of the insured, foreclosure proceedings should be com-
  menced. Foreclosure proceedings were commenced before the
  loss to the knowledge of the insured. The policy contained
  the stipulation: "Loss, if any, payable to S., mortgagee, as
  his interest may appear," and the further stipulation that:
  "If, with the consent of this company, an interest under this
  policy shall exist in favor of a mortgagee, * * * the condi-
  tions hereinbefore contained shall apply in the manner ex-
  pressed in such provisions relating to such interest as shall be
  written on or attached hereto," but no conditions applicable
  to the interest of the mortgagee were attached. *Held,* that
  this last condition, in connection with the "loss payable clause,
  stipulated for indemnity in favor of mortgagee, and enabled
  him to recover on the policy.

*Appeal from Tama District Court.*—HON. G. W. BURN
HAM, Judge.

SATURDAY, MAY 17, 1902.

ACTION by the insured for indemnity stipulated in pol-
icy of insurance. The mortgagee intervened, and demanded
payment of damages by virtue of an open mortgage clause
contained in the policy. Judgment was entered for the
defendant, and plaintiff and intervener appeal.—*Reversed.*

*G. R. Struble* for appellants.

*McVey & McVey* for appellee.

LADD, C. J.—The property insured had been mortgaged
to H. J. Stevens, since deceased, of whose estate the inter-
vener is administrator. It was consumed by fire January

10, 1899. Among its provisions is the stipulation that it, "unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the property, real or personal, covered by this policy, or any part thereof, be or become incumbered by a mortgage, trust deed, judgment or otherwise, or, with the knowledge of the insured, foreclosure proceedings be commenced." September 27, 1898, forclosure proceedings were begun with the knowledge of the insured, though unknown to the company u til after the loss. It is likely that, owing to this breach of condition, loss cannot be recovered by the insured. But the policy also contained the stipulation: "Loss, if any, payable to H. J. Stevens, mortagee, as his interest may appear at the time of same." Probably this alone, as contended by appellee, cannot be treated as an independent contract between the company and the mortgagee. Certainly, the weight of authority is to the effect that it amounts to no more than a stipulation to pay from the proceeds of the policy so much as shall be required to satisfy the mortgage, the contract being solely with the assured. *Grosvenor v. Insurance Co.*, 17 N. Y. 391; *Williamson v. Insurance Co.*, 86 Wis. 393 (57 N. W. Rep. 46, 39 Am. St. Rep. 906); *Insurance Co. v. Hulman*, 92 Ill. 145 (34 Am. Rep. 122); *Milliken v. Woodward*, — N. J. Sup. — (45 Atl. Rep. 796). See cases collected 13 Am. & Eng. Enc. Law, 202. But see *Burrows v. McCalley*, 17 Wash. 269 (49 Pac. Rep. 508). Without passing on the question, it will suffice to say that this court is committed to the doctrine that the mortgagee has such an interest in the policy that, in event of loss, he may maintain an action thereon as the real party in interest. *Mershon v. Insurance Co.*, 34 Iowa, 87; *Bartlett v. Insurance Co.*, 77 Iowa, 86. Without more, however, this clause would not interfere with the forfeiture of the policy by the acts or the omissions of the assured. See cases cited 13 Am. & Eng. Enc. Law, 202. That result is obviated by another condition of the policy

which reads: "If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto." The loss payable clause clearly confers "an interest under this policy." It may not be an interest in the policy resulting from any contract between the company and the mortgagee. But this was not necessary, as the insured and the company could create an interest in favor of a third party without his participation, or even knowledge. If they contracted that the mortgagee, in event of a loss should have the proceeds derived from the policy,—as they did,— then the right thereto is certainly an interest under, if not technically in the policy. The mortgagee had an interest in the property insured, and the purpose of this provision seems to have been to afford him the same protection secured under the so-called "union mortgage clause." The rule that, when the language of an insurance contract is of doubtful construction and of ambiguous meaning, the courts lean to the construction favorable to the insured, must not be overlooked. Insurance policies are not deliberated upon clause by clause, and agreed to after extended negotiations. The form is prepared by the insurer alone, and when a condition for its protection is inserted it should be clearly expressed, and, if ambiguous in meaning, the language will be taken most strongly against the company. But there can be little doubt as to what was intended. The policy was taken out by the owner, not the mortgagee. A mortgage existed against the property. The condition quoted may be reasonably construed as applicable to the interest of the mortgagee named in the policy. If not, what was intended? It is open to this

construction, and, if this is not adopted, the condition is meaningless. True, the form of the policy was for general use. So the loss payable clause is in general use, and for this reason the insurer may well have had it in mind in drafting the provision. Now, the conditions of the policy previously mentioned "shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon or attached or appended thereto." This means that, in order that they become applicable to the interest of the mortgagee, the manner thereof must be indicated by an indorsement or some writing attached to the policy. Nothing of the kind was indorsed on or appended thereto, and for this reason the conditions do not apply. In this situation the purport of the loss payable clause when read in connection with the provision quoted must be treated as stipulating indemnity in favor of the mortgagee, independent of the conditions imposed on the insured in the body of the policy. Precisely in point are the following decisions: *Oakland Home Fire Insurance Co. v. Bank of Commerce*, 47 Neb. 717 (66 N. W. Rep. 646, 36 L. R. A. 673; 58 Am. St. Rep. 663); *Queen Ins. Co. v. Dearborn Savings, Loan & Building Ass'n*, 175 Ill. 115 (51 N. E. Rep. 717); *East v. Association*, 76 Miss. 697 (26 South. Rep. 691). A contrary conclusion is not vindicated by the reasoning of the appellate court of Indiana in *Insurance Co. v. Wolff*, 23 Ind. App. 549 (54 N. E. Rep. 772).—REVERSED.