[S. F. No. 3522. In Bank.—November 15, 1905.]

## GEORGE D. WELCH, Respondent, v. BRITISH AMERICAN ASSURANCE COMPANY, Appellant.

FIRE INSURANCE—CONSTRUCTION OF POLICY AGAINST FORFEITURE.—Conditions in a policy of fire insurance which provide for a forfeiture of the interest of the assured or those claiming under the policy are to be strictly construed against the insurance company; and if

there is any ambiguity in the policy which may be reasonably solved by either one of two constructions, that interpretation is to be adopted which is most favorable to the assured, or to a mortgagee or beneficiary under a deed of trust, to whom the loss is payable, as his interest may appear.

ID.—EFFECT OF MORTGAGE CLAUSE—CONDITIONS NOT ATTACHED TO INTEREST.—Where the policy provided that "If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in such conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto," such provision was intended to have the effect of preventing the conditions previously mentioned in the policy from applying to such interest unless the conditions should be again written upon, attached, or appended to the policy, as applicable to such interest, and the interest of the mortgagee is free from all conditions not so attached.

ID.—CONSTRUCTION OF CODE.—The rule declared in section 2541 of the Civil Code, as respects the avoiding of the policy as against the mortgagee or creditor by the act of the owner avoiding it as to himself, was not intended to and does not apply to policies which are not silent on the subject, but themselves provide to what extent their conditions shall apply to the interest of the mortgagee when created.

ID.—FORFEITURE BY OWNER NOT AFFECTING INTEREST OF MORTGAGEE.—The forfeiture of the policy by the owner, by reason of the assignment of his interest without the consent of the insurance company, cannot affect the interest of the mortgagee or holder of a deed of trust when not expressly made applicable to such interest by conditions of the policy attached thereto.

APPEAL from a judgment of the Superior Court of Alameda County.  S. P. Hall, Judge.

Nye & Kinsell, for Appellant.

H. A. Powell, and W. A. Dow, for Respondent.

SHAW, J.—This is an action by a creditor whose debt was secured by a deed of trust of the property insured, to recover the sum of two thousand dollars upon a fire-insurance policy issued by the defendant to one George H. Barrett, the maker of the deed of trust. The trust-deed was executed after the issuance of the policy, and thereupon a slip was attached to the policy making the loss, if any, payable to the plaintiff, as his interest should appear. The sole proposi-

tion presented for decision is the question whether or not, under the terms of the policy, and the facts stated in the complaint, a change of ownership of the property insured, subsequent to the issuance of the policy and before the loss, without the written consent of the defendant thereto indorsed on the policy, made the policy void as against the plaintiff.

The policy contained a paragraph declaring that it should be void upon the happening of either one of a large number of conditions, among which was that it should be void if, without an agreement by the company indorsed on or added to the policy, "any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance, whether by legal process or judgment, or voluntary act of the insured, or otherwise." Following this paragraph, after several other intervening paragraphs relating to other matters, the following clause, called for convenience, the "mortgage clause," was inserted: "If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto." At the close of the policy appeared this clause: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto. . . . Nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." It appeared from the complaint that after the policy was issued and the deed of trust executed, and before the loss occurred, the title to the property had been transferred from Barrett to one J. F. Sanborn, and that no agreement that it should be so transferred was indorsed on the policy or executed by the defendant. Upon this it is claimed that the policy was avoided by the transfer without consent of the company.

It is conceded that in the absence of any provision in the policy to the contrary, if the title to the property should be conveyed without the consent of the company, prior to the happening of a loss, the company would not be liable therefor. The insurance ran to the original owner, to whom the policy was issued, and the subsequent agreement that the loss should be payable to the plaintiff as his interest should appear, if taken alone, left the insurance still running to the owner of the property, and not to the plaintiff, so that under the rule prevailing in such cases (Civ. Code, sec. 2541), any act of the owner which, by the terms of the policy, would be sufficient to avoid it as against the owner, would prevent a recovery by the plaintiff, although he was not aware of the violation of its terms and did not consent thereto. The question for decision is, therefore, whether or not the clause above quoted, referring to an interest in favor of third persons, operates to change this rule. We think it must be so considered. It is well established that conditions which provide for a forfeiture of the interest of the assured or other persons claiming under the policy, are to be strictly construed against the insurance company, and if there is any ambiguity in a policy which may reasonably be solved by either one of two constructions, that interpretation shall be adopted which is the most favorable to the assured, or in this particular case, to the beneficiary in the deed of trust. It is evident from the insertion of this clause in the policy, that the parties thereto contemplated that the assured might thereafter mortgage or hypothecate the property and thereby create an interest in the policy in favor of the creditor for his better security. The mortgage clause was manifestly inserted to facilitate such a transaction. It must be considered as having been directed towards such anticipated creditor of the assured, and as having been made for his benefit. The provision that, in the event of the existence of such an interest in favor of the third person, ''the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto,'' was intended to have the effect of preventing the conditions previously mentioned in the policy from applying to such interest, unless

the conditions should be again written upon, attached, or appended to the policy. No other reasonable meaning can be given to the language. It would not be necessary to write them out in full upon the policy, which would be practically impossible. A few words making the provisions, or certain of them, as was desired, applicable to the other interest could readily be inserted in the slip containing what is called the "loss payable" clause attached to the policy. Even, however, if it should be considered necessary to attach the conditions in full, it could be done without inconvenience by simply printing them in the attached slip.

The real contention of the appellant is that the last half of the mortgage clause should be interpreted as if it read as follows: "The conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance, *so far as those conditions and provisions relate to* such interest as shall be written upon, attached, or appended hereto." This, however, is contrary to the grammatical construction of the clause, as contained in the policy, and does violence to the natural and ordinary meaning of the language. It is also contrary to the rule that a contract must be construed so as to give some effect, if possible, to every part of it. (*Mickle* v. *Sanchez,* 1 Cal. 202.) Without this mortgage clause, under the rule as above conceded and as expressed in section 2541 of the Civil Code, the interest of a creditor to whom the loss is made payable is subject to all the conditions of the policy, and they would apply to such interest, whether the interest was described in any writing made upon or attached or appended to the policy or not. Therefore, if the above paraphrase correctly states the meaning intended by the mortgage clause, its insertion was idle and useless, for the legal effect of the policy would be the same without it as with it. Furthermore, if this could be considered a reasonable construction, the other is at least as reasonable, and under the rule of strict construction against the insurer who prepares the policy (Civ. Code, secs. 1442, 1654) the meaning we have attributed to it must be adopted. Section 2541 of the Civil Code gives the rule governing the effect of the creation of an interest in a mortgagee or creditor in cases where the policy runs to the mortgagor or

debtor and contains no mortgage clause such as that here inserted. It was not intended to, and does not, apply to policies which are not silent on the subject, but themselves provide to what extent its conditions shall apply to such interest, when created.

No conditions with reference to the plaintiff's interest, or statement specifying the extent to which the conditions of the policy should apply thereto, were written upon, attached, or appended to the policy. We are therefore of the opinion that the interest of a third person in the policy is not subject to the conditions in question, and that such third person is not responsible for the acts of the insured in violation thereof, and consequently that the conveyance of the title to Sanborn without the consent of the company did not forfeit the interest of the plaintiff in the policy. The subsequent provisions above quoted do not change the effect of the clause in question. The declaration that the policy is made "subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon, or added hereto," clearly does not change the effect of the mortgage clause, for that clause is one of the stipulations and conditions to which this last paragraph refers, and it affirms the mortgage clause as well as the other clauses of the policy, and the effect of the mortgage clause is to except the interest of the plaintiff from the other conditions referred to. The remaining provision, that no privilege or permission affecting the insurance should ever be claimed by the insured unless written on or attached to the policy, is equally ineffective to nullify the mortgage clause. The word "insured" as there used, under the rule requiring strict interpretation against the company, and in view of the language of the mortgage clause above quoted, must be considered as referring to Barrett, the original holder of the policy, or his successor, and not to the plaintiff. The policy considered in *Sharp* v. *Scottish etc. Co.*, 136 Cal. 543, [69 Pac. 253, 615], did not contain any provision equivalent to the mortgage clause in the policy here sued on, and that case has no application either for or against the plaintiff.

The mortgage clause in the policy under consideration is a part of the form of policy known as the "New York Stand-

ard Form." This form was prescribed by statute in New York, and made obligatory after May 1, 1887, on all insurance companies doing business in that state. (3 N. Y. Rev. Stats., p. 1663.) It has since been prescribed by statute in Pennsylvania (Brightly Dig., pt. 2, p. 2528), Minnesota (1 Laws Minn. 1891, sec. 2973), North Dakota (Laws 1890, p. 253, c. 74), Wisconsin (1 Rev. Stats. 1898, secs. 1941-1953), New Jersey (2 Gen. Stats., p. 1766), and Michigan (1 How. Ann. Stats., secs. 4345-4350). Singularly enough the clause in question does not appear to have been the subject of litigation or judicial interpretation in any of these states. It has been construed, however, by the highest courts of Nebraska, Washington, Mississippi, Illinois, Iowa, and Missouri in the following cases: *Oakland H. I. Co.* v. *Bank,* 47 Neb. 717, [66 N. W. 646, 58 Am. St. Rep. 663]; *Boyd* v. *Thuringia Ins. Co.,* 25 Wash. 447, [65 Pac. 785]; *Queen's Ins. Co.* v. *Dearborn Sav. Assn.,* 175 Ill. 115 [51 N. E. 717]; *Christenson* v. *Fidelity Ins. Co.,* 117 Iowa, 77, [90 N. W. 495]; *East* v. *New Orleans Ins. Co.,* 76 Miss. 697, [26 South. 691]; *Senor* v. *Western etc. Ins. Co.,* 181 Mo. 115, [79 S. W. 687]. These decisions all concede that, in the absence of such mortgage clause, the mortgagee takes subject to all the conditions expressed in the body of the policy, but hold, as we have held, that by virtue of the mortgage clause in the body of the policy the interest of the mortgagee is free from all such conditions, except such as are repeated at the time of the creation of that interest by being at that time again, in substance at least, written upon the policy or attached or appended thereto.

For the foregoing reasons we think the demurrer was rightly overruled.

The judgment is affirmed.

Beatty, C. J., Angellotti, J., and Van Dyke, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment of affirmance. I have reached this conclusion after a great deal of consideration of the main question involved, and have done so mainly in deference to the opinions of judges and decisions of courts in other jurisdictions. The fire-insurance policy involved here was issued by appellant to one Barrett. It was to be void if Barrett violated certain named conditions.

Barrett did violate one of those conditions, and as to him the policy became void. But after the issuance of the policy Barrett mortgaged the insured property to the plaintiff herein, George D. Welch, and afterwards the appellant, at the request of Barrett, attached to the policy a writing, in these words: "Loss, if any, payable to George D. Welch as his interest may appear." These words, considered alone, did not change the policy. Barrett still remained the insured party, and in case of fire Welch was to recover only what was due Barrett, and could recover nothing if the latter had forfeited the policy. The above proposition is admitted upon all hands. But it is contended that Welch can recover, notwithstanding the policy is void as to Barrett, on account of a clause in the body of the policy, which, leaving out the parts immaterial here, is as follows: "If . . . an interest . . . shall exist in favor of a mortgagee, . . . the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended thereto." This language seems to me to be as awkward and as difficult to put any meaning into as any that has come under my observation in judicial investigations. If an insurer intends that when he inserts a clause into the policy that the loss, if any, shall be payable to the mortgagee, the mortgagee is to be relieved from the effect of any act of the insured mortgagor which would invalidate the policy, it is a very simple matter for him to say so.

It is contended that he does say so by the mongrel clause above quoted. If I were entirely free to follow my own notion about the question, my inclination would be to agree with the dissenting opinion of Mr. Justice Anders in *Boyd* v. *Thuringia Ins. Co.*, 25 Wash. 453, [65 Pac. 785], and hold that such clause was not fairly susceptible of the construction claimed by respondent in the case at bar. But this identical clause, which seems to have originated in New York, has become quite common in insurance policies, and has been before a number of courts for interpretation, and its meaning has almost universally been held to be that none of the forfeiting conditions as against the insured affect the mortgagee, except those which are restated in the "loss payable clause,"

and that if there are no such conditions in said last-men-
tioned clause, the insured can do no act whatever which will
in any way affect the right of the mortgagee. It was so
expressly held in *Oakland Home Ins. Co. v. Bank of Com-
merce*, 47 Neb. 17, [66 N. W. 646, 58 Am. St. Rep. 663];
*Queen's Ins. Co. v. Dearborn Sav. Assn.*, 175 Ill. 115, [51 N. E.
717]; *Christenson v. Fidelity Ins. Co.*, 117 Iowa, 77, [90
N. W. 495, 94 Am. St. Rep. 286]; *East v. New Orleans Ins.
Co.*, 76 Miss. 697, [26 South. 691]; *Senor v. Western Fire
Ins. Co.*, 181 Mo. 104, [79 S. W. 687], and *Boyd v. Thuringia
Ins. Co.*, 25 Wash. 447, [65 Pac. 785]. We have been referred
to no cases squarely holding the other way, unless, perhaps,
it be *Franklin Ins. Co. v. Wolf*, 23 Ind. App. 594, [54 N. E.
772]. In *Oakland Home Ins. Co. v. Bank of Commerce*, 47
Neb. 17, [66 N. W. 646, 58 Am. St. Rep. 663], the supreme
court of Nebraska construes the clause in question as follows:
"That is, in order to render the general conditions of the
policy applicable to the interests of the mortgagee, there must
be written upon, attached, or appended to the policy, relating
to the interest of the mortgagee, some provisions or condi-
tions expressing in what manner the conditions of the policy
shall be so applicable. Neither in the 'loss payable clause' nor
otherwise by writing upon, attached to, or appended to the
policy was there any provision or condition carrying the con-
ditions of the policy into such clause or rendering them in
any manner applicable." And the other cases give it the same
construction. And I am disposed to follow those courts
rather than rely upon my first impressions, particularly in
view of the rule that an ambiguous clause in a policy must be
construed against the insurer. And even if there be doubt
as to the correctness of this construction, there is some con-
solation in the thought that an insurer who puts such a non-
descript provision into his policy should hardly be heard to
object to any kind of construction which any one chooses to
give it.

Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.