## SENOR and MUNTZ v. WESTERN MILLERS' MUTUAL FIRE INSURANCE COMPANY, Appellant.

### Division Two, March 23, 1904.

1. **INSURANCE: Additional Insurance: Words of Policy.** An insurance policy for $4,500, was divided into $1,200 on building, $1,600 on machinery, $700 on engine and boiler, and $1,000 on grain, and recited, "$3,500 total insurance permitted, concurrent herewith, on building, boiler, engines and machinery," and then provided that "this entire policy, unless otherwise provided by agreement, indorsed hereon or added hereto, shall be void, if the insured now has or shall hereafter procure any other insurance on property covered in whole or in part by this policy." *Held,* that the policy did not permit the insured to procure additional insurance on the building, boiler, engine and machinery, but that by the words "$3,500 total insurance permitted, concurrent herewith" was meant the insurance for that amount on those properties as detailed in the policy. To hold that it meant additional insurance the word "total" must be eliminated and the word "additional" substituted in its stead.

2. ——: ——: **Application to Mortgagee.** Where an insurance policy is by its terms made void as to the insured if additional insurance is taken out, it will not be held to be void as to a mortgagee if the mortgagee's interests are set forth on a slip which recites that the conditions in the policy shall apply to his interest in so far as those conditions "shall be written upon, attached or appended hereto," and that condition was not "written upon, attached or appended" to the slip upon which his interests were set forth. And so in this case it is held that the policy is void as to the insured because he took out additional insurance, and valid as to the mortgagee whose interests were set forth in a separate slip which said nothing about additional insurance.

3. ——: ——: ——: **Mortgagee Not Named as Such.** And such provision in the slip is not made inapplicable to the person whose name is mentioned in the slip as the person to whom the money is to be paid in case of loss, simply because he is not described therein as the mortgagee.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

Reversed and remanded (*with directions*).

*Ward & Hadley* for appellant.

(1)   Defendant's policy of insurance is to be interpreted in all respects by the same rules as other contracts, and so as to ascertain the meaning and intention of the parties thereto from the whole instrument.   Renshaw v. Ins. Co., 103 Mo. 595; Brewing Co. v. Ins. Co., 63 Mo. App. 663; Hoover v. Ins. Co., 93 Mo. App. 111. (2)   The Commercial Union Assurance Company's policy having been taken out by plaintiff Senor, on property already insured by defendant's policy, while defendant's policy was in force and without defendant's consent, which consent by the terms of defendant's policy was necessary, defendant's policy, by the express terms thereof, was-invalidated.   Ins. Co. v. Blum, 76 Tex. 653, 13 S. W. 572; Commercial Union Assurance Co. v. Norwood, 57 Kan. 610, 47 Pac. 529; Bush v. Ins. Co., 85 Mo. App. 155; Ins. Co. v. Ewing, 92 Fed. 111; Joyce on Insurance, sec. 2480.   (3) Defendant's policy of insurance having been invalidated by the act of plaintiff Senor, in taking out Commercial Union Assurance Company's policy, on his mill building, machinery, etc., is void also as to plaintiff Muntz.   2 May on Insurance (3 Ed.), sec. 452d; Ostrander on Insurance, sec. 117; Richards on Insurance, sec. 158; Baldwin v. Ins. Co., 60 N. H. 164; Bates v. Ins. Co., 10 Wall. 33; Hoxsie v. Ins. Co., 6 R. I. 517; Harrington v. Ins. Co., 124 Mass. 126; Grosvenor v. Ins. Co., 17 N. Y. 391.

*Harkless, O'Grady & Crysler* for respondents.

(1)   The policy in question which contained the condition "$3,500 total insurance permitted concurrent herewith on buildings, boilers, engines and machinery," permitted and allowed the insured to take out a total of $3,500 additional insurance, which would be concurrent with the $3,500 already issued.   (2)   If doubt existed, however, as to what this clause did mean, it

must be resolved in favor of the insured.   Cook on Insurance, sec. 4; Cunningham v. Union Co., 82 Mo. App. 607.   (3)   But in any event the defendant could not contend that the policy was void without returning the unpaid portion of the premium under the express provision of the policy which read: "If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of the policy or last renewal, this company retaining the customary short rate."   And the company can not contend that the policy is void and at the same time retain the premium under this condition of the policy.   Supreme Tent v. Volkert, 25 Ind. App. 627; Stylow v. Wisconsin Odd Fellows, 69 Wis. 224, 2 Am. St. Rep. 738.   (4) The policy provided that the company in case of· loss should "not be liable for a greater proportion than the amount insured should bear to the whole insurance whether valid or not, or by solvent or insolvent insurers covering such property," thereby recognizing that other insurance might be taken out and the insured certainly had the right to assume that he had this right.   (5) As against the plaintiff Muntz, the mortgagee whose interest was $3,000, there could be no defense, whatever may be the construction of the policy as to the amount of insurance that should be taken out, because the policy contained the clause: "If with the consent of this company an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance, other than the interest of the insured, described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance, relating to such interest, as shall be written upon, attached or appended hereto," and the slip attached to the policy setting out the interest of the mortgagee in no way made the conditions of the policy a part thereof, nor were they written upon, attached or appended

thereto. Ins. Co. v. Bank, 47 Neb. 717; Boyd v. Ins. Co., 25 Wash. 447, 65 Pac. 785.

FOX, J.—"This suit was instituted October 19, 1900, in the circuit court of Jackson county, Missouri, and is on a fire insurance policy issued by defendants June 28, 1899, which contained, among others, the following provisions.

" 'In consideration of the stipulation herein named and of $123.75 premium, does insure C. M. Senor for the term of five years, from the 28th day of June, 1899, at noon, to the 28th day of June, 1904, at noon, against all direct loss or damage by fire and lightning, except as hereinafter provided to an amount not exceeding forty-five hundred dollars, to the following described property, while located and contained as described herein, and not elsewhere, to-wit: $1,200 on his three-story and basement frame partition steam flouring mill building, with metal roof and including grain bins therein, and one-story iron brick-lined boiler and engine house with metal roof adjoining, situated in Conway Springs, Sumner county, Kansas, and known as "The Pioneer Roller Mills."

" '$1,600 on mill machinery, mill wright work, shafting, gearing, belting, tools, implements and fixtures in use, and all bins, except grain bins, while in said mill building.

" '$700 on steam boilers, engines and connections, heaters, pumps and connections while in said boiler and engine house.

" '$1,000 on grain, flour, meal, stock in process, offal, cooperage, and bags while in said building.

" '$3,500 total insurance permitted, concurrent herewith, on buildings, boiler, engines and machinery. Other insurance permitted concurrent herewith on stock.

" 'This entire policy, unless otherwise provided by agreement, indorsed hereon or added hereto, shall be

void, if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid, or not, on property covered in whole or in part by this policy.

" 'It is hereby further agreed, that such loss or damage as shall have been ascertained and proven to be due under this policy to C. M. Senor shall be held payable for his account unto P. Muntz, post office address, Kansas City, Mo., as his interest may appear.

" 'This slip is attached to and forms part of Policy No. 1705, of The Western Millers' Mutual Fire Insurance Company, of Kansas City, Mo.

" 'June 28, 1899.

" 'ROB'T ATKINSON, Secretary.

" 'It is hereby further agreed that such loss or damage as shall have been ascertained and proven to be due under this policy to C. M. Senor shall be held payable for his account unto Bank of Conway Springs (Hooper, Douglad and Lutz, owners), post office address, Conway Springs, Kan., as its interest may appear.

" 'This slip is attached to and forms part of Policy No. 1705 of the Western Millers' Mutual Fire Insurance Company, of Kansas City, Mo.

" 'July 1, 1899.

" 'ROB'T ATKINSON, Secretary.' "

This cause was submitted to the court upon an agreed statement of facts. As there are only three controverted questions involved in this cause, it is unnecessary to burden this opinion by the insertion of the entire facts agreed upon; hence, we deem it sufficient to add only such portions of the agreed statement as are applicable and material to the intelligent discussion of the propositions presented. It is disclosed, by the agreed statement of facts upon which this cause was tried, that plaintiff, Senor, did obtain a second policy of insurance from the "Commercial Union Assurance

Company,'' for $2,000, five hundred of which was applicable to plaintiff Senor's frame flour mill building, including boiler house, being some of the same property covered by defendant's policy of insurance in suit. It also appears, from the agreed statement, that plaintiff, Phillip Muntz, had no notice or knowledge of the application for and issuance of the policy by the Commercial Union Assurance Company.

The policy of insurance upon which this suit is predicated and which is made a part of the agreed statement of facts, contained this provision: ''If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto.''

The following provision is also contained in the agreed statement of facts: ''It is further agreed that after the issuance of said policy and the delivery thereof to the plaintiff Senor, the said policy or any loss thereunder was made payable to Phillip Muntz, as his interest may appear, and that for that reason he is joined as a coplaintiff. It is further agreed that the interest of said Muntz at the date of the loss by fire of said property was three thousand dollars. It is further agreed that Senor was the owner of the property at the time of the loss which is described in the proof of loss, subject to the interest of Phillip Muntz.''

This is a sufficient recitation of the facts to indicate the theories upon which the conflicting contentions of counsel for appellant and respondent are based.

Upon the submission of the cause to the court, its finding was for the plaintiffs for the full amount of the

policy, together with interest, and judgment was accordingly entered for the sum of $4,815.

From this judgment, defendant, in due form, prosecuted his appeal to this court, and this cause is now before us for review.

OPINION.

The record in this cause presents but two vital propositions for our consideration:

First. Under the provisions of this policy, did it operate a forfeiture of it, by reason of the additional insurance obtained from the Commercial Union Assurance Company, covering some of the same property embraced in the policy upon which this action is based?

Second. If the first proposition is answered in the affirmative, and the policy declared forfeited, does the result of such conclusion affect the interest of coplaintiff Muntz, and defeat his right of recovery for his interest in the policy?

The question involved in the first proposition may be briefly summarized thus: there is a provision in the policy which, in terms, prohibits the making of any additional contracts for insurance, unless otherwise provided for in the policy.

Plaintiff Senor procured from another company insurance to the extent of $500, covering some of the same property embraced in the policy upon which this suit is predicated.

The contention insisted upon by appellant is that this action of plaintiff operated a forfeiture of the entire policy and that he is not entitled to recover.

On the other hand, respondents contend that such additional insurance as was obtained, is authorized by another provision of the policy, which provides: $"3,500 total insurance permitted concurrent herewith, on buildings, boiler, engines and machinery. Other insurance permitted concurrent herewith on stock."

It will be observed, there being no dispute as to the facts, that the solution of the first proposition is narrowed down to a fair and reasonable construction of the terms of the provision of the policy just quoted, upon which respondent must rely for support of his action in obtaining additional insurance.

This question is very sharply presented and ably argued by counsel, in the briefs before us.

. It is insisted by respondent that this provision of the policy should be construed as authorizing $3,500 additional insurance, concurrent with that written in the policy in suit.

Appellants contend that the terms of this provision limit the amount of insurance upon the class of property mentioned, to $3,500, which includes the entire insurance that was written in this policy in suit, as well as any additional insurance. In other words, that the $3,500 must cover the total insurance and that if the policy written in this case reached the limit of that provision, then any other concurrent insurance is not contemplated by the provision.

We agree with learned counsel for respondent that if the policy was written for $3,500, there was no necessity for the provision we are called upon to construe; but there being no necessity for such provision, does not furnish alone a test for the construction of it; at least, the terms used must furnish the meaning intended by the contracting parties.

It is fundamental that, in construing a particular provision of a contract, the court will call to its aid, in ascertaining the intent of the contracting parties, the provisions of the entire instrument.

There is in this contract of insurance, in plain, positive and unambiguous terms, an absolute prohibition of the right of the insured to procure additional insurance, unless it is otherwise provided for by agreement.

It is but fair and reasonable to assume that the par-

ties contracting, if they intended to bring themselves within the exception of this prohibitive provision, would, in doing so, use terms equally plain, expressing said intention.

After a careful consideration of the entire provision under discussion, we have reached the conclusion that it was intended by such contract to limit the insurance upon the character of this property mentioned, and that this limitation contemplated the taking into account the amount of insurance written in the policy in suit.

We are unable to reach the conclusion that it was intended by the terms "concurrent herewith" to authorize additional insurance. The terms employed in the concluding part of the provision, "other insurance permitted concurrent herewith on stock," clearly excludes the idea that such meaning was to be attributed to the first clause of the provision. While the provision "$3,500 total insurance permitted, concurrent herewith, on buildings, boiler, engines and machinery," is not most happily expressed, and is deservedly subject to criticism, and furnishes the able and ingenious counsel (which he is fully warranted in entering), a great field for a play upon terms, if this provision is to be construed, as contended for by respondent, it would be necessary to change the term *"total,"* and add in its stead the word *"additional."* Total insurance, as used, contemplates the entire insurance upon the property. "Concurrent herewith" relates to the terms "total insurance;" in other words, it means that the total insurance must all concur with this—that is, this policy provides the subjects upon which there must be a concurrence. This policy designates the property upon which the insurance operates, and the time of its operation, and there must be a concurrence of the total insurance in harmony with the time and property, as fixed by the policy in suit. Let us transpose the first clause of the provision thus—"$3,500 total insurance

permitted on the buildings,'' etc.   In that form, it is apparent that the limitation embraces the entire insurance.   Does the adding of the words, ''concurrent herewith'' convey the meaning that $3,500 additional insurance is permissible?   We think not.   It simply means that there must be a concurrence of the total insurance upon the subjects provided in the policy before us; that is, the total insurance must operate at the same time and upon the same property as is fixed by the policy upon which this suit is brought.

The conclusion reached upon this proposition is emphasized by the concluding clause of the provision. It will be observed, in that clause, where it is apparent that the parties intended to provide for additional insurance, that such terms were used as clearly expressed such intent.   It was there expressly stated, ''other insurance permitted concurrent herewith on stock.''

While the provision in the policy in suit in Ins. Co. v. Blum, 76 Tex. 663, is not identical with the one before us, however, the conclusions reached in that case tend to support the result reached in this one.   The terms of the policy in that case, ''total concurrent insurance $4,000,'' were written in the policy, and it was insisted there, as it is here, that concurrent insurance meant additional insurance, concurrent with that of the policy before the court.   It was held to cover the entire insurance, and this ruling could only have been reached upon the principle announced in this case, that the terms ''total concurrent insurance'' mean that the total insurance operates at the same time and upon the same property as designated in the policy upon which the suit is brought.

There is a provision in this policy which provides that if the policy is cancelled or becomes void, the premium having been actually paid, the unearned portion shall be returned on *surrender* of the policy, the company retaining the customary short rate.   It is inci-

dentally urged that the defendant is in no position to resist the recovery of plaintiff Senor, and, at the same time, retain the premium under this provision of the policy.

It will be observed that the condition of the policy is that the unearned portion shall be returned upon the surrender of the policy. From the nature of this contest, it falls far short of indicating any surrender of the policy; but the reverse, an earnest effort to enforce it. Hence, the conditions have not yet arisen which would require the defendant to make the return of the unearned premium, as provided in the contract of insurance.

As to whether the policy, under this provision, contemplates a surrender of it before the fire, is not a question involved in this proceeding. Hence, we express no opinion.

This leads us to the consideration of the only remaining proposition presented for solution. That is, under the provisions of this policy, do the conditions which render the policy void as to Senor, extend to coplaintiff, Phillip Muntz, and thereby defeat his recovery for the amount of his interest, which is admitted to be the sum of three thousand dollars?

For the determination of this proposition, we must look to the provision of the contract. In the policy before us, we find this agreement, which is made a part of the policy:

"It is hereby further agreed that such loss or damage as shall have been ascertained and proven to be due under this policy to C. M. Senor shall be held payable for his account unto P. Muntz, postoffice address Kansas City, Mo., as his interest may appear. This slip is attached to and forms a part of policy No. 1705 of The Western Millers' Mutual Fire Insurance Company of Kansas City, Mo."

This agreement to pay Phillip Muntz such loss or damage as shall have been ascertained and proven to be

due under this policy, is predicated upon this provision of the contract which has heretofore been quoted in the statement.   It provides:

"If with the consent of this company an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance, other than the interest of the insured, described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance, relating to such interest, *as shall be written upon, attached or appended hereto.*"

This contract must speak for itself.   It says, as to the interest existing under the policy in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance, the conditions contained in the policy shall apply to such interest, in the manner expresed in such provisions and conditions of insurance relating to such interest, *"as shall be written upon, attached or appended hereto."*

An examination of the slip forming a part of the contract, providing for the interest of Phillip Muntz in the policy, discloses that none of the conditions of the policy, the violation of which would render it void as to Senor, are to be found in it, nor are any of the conditions *"written upon, attached or appended to the policy."*   Hence, it logically follows that the conditions of the policy which render it void as to Senor, do not extend to or in any manner affect the interest of plaintiff Muntz.

This results from the express provisions of the contract, that the conditions should only apply to his interests, when expressed in the manner provided by the policy; the conditions not having been so expressed, have no application to his interests.

The contention of respondent upon this proposition is fully supported by the cases cited, which involved, in principle, the identical question now being considered.

[Ins. Co. v. Bank, 47 Neb. 717; Boyd v. Thuringia Ins. Co., 25 Wash. 447.]

It is insisted by appellant that these cases have no application for the reason that in the provisions for payment to Muntz, he is not named as mortgagee. In the application for this contract of insurance, he is recognized as a mortgagee, and the mere failure to designate him as such should not and will not change the application of the rule to him. Our attention is directed to the cases of Kempf v. Ins. Co., 41 Mo. App. 27; Kabrich v. Ins. Co., 48 Mo. App. 393; and Griswold v. Ins. Co., 1 Mo. App. 97.

It is sufficient to say of those cases that they do not present the question before us, now under consideration. There was an entire absence of any contract that the conditions of the policy, relating to the interest of the mortgage, should apply in the manner as written upon, attached or appended to the provisions relating to such interest.

We repeat—this contract must speak for itself. Plaintiff, Phillip Muntz, was entitled to recover his interest, as admitted under the agreed statement of facts. Senor was not entitled to recover at all, for the reason that the policy, as to him, was void.

We have given expression to our views upon the questions disclosed by the record in this cause.

The judgment of the trial court, as to plaintiff Senor, is reversed, and this cause is remanded to the circuit court, with directions to enter judgment in favor of plaintiff, Phillip Muntz, for the sum of three thousadn dollars, with interest thereon from the second day of March, 1900.

All concur.