EDGE et al. v. ST. PAUL FIRE & MARINE INSURANCE CO.

A fire policy was payable to a certain mortgagee as his interest might appear, and it was provided that the policy should be void if any change, other than the death of insured, should take place in the interest or title of the property without consent of the insurer indorsed thereon, and also that "if, with the consent of this company, an interest shall exist in favor of a mortgagee, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interests as shall be written upon, attached, or appended hereto." *Held* that, though insured subsequently sold the property without the insurer's consent, the mortgagee was entitled to recover for a loss; no condition as to change of interest having been written upon, attached, or appended to the provision by which the interest of the mortgage was created.

(Opinion filed, Nov. 29, 1905.)

Appeal from Circuit Court, Faulk County. Hon. LORING E. GAFFY, Judge.

Action by Anna Edge and others against the St. Paul Fire & Marine Insurance Company. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

*L. W. Crofoot,* for appellant.

Under the open mortgage clause the insurance is of the interest of the mortgagor and not of the interest of the mortgagee. 13 Am. & Eng. Ency. of Law, 2nd Ed., 202; Grosvenor v. Ins. Co., 17 N. Y. 391, 393; Bates v. Equitable Ins. Co., 10, Wall. 33, 36; Williamson v. Ins. Co., 57 N. W. 46; Baldwin v. Phoenix Insurance Co., 60 N. H. 164; Civil Code S. D. Sec. 1800. The "union mortgage clause" practically gives the mortgagee an independent insurance which cannot be destroyed by the mortgagor, and is to be construed in the light of its plain purpose to secure the interest of the

mortgagee, and is usually regarded as an insurance of that interest. 13 Am. & Eng. Ency. of Law, 2d Ed., 205; Ormsby v. Phenix Ins. Co., 5 S. D. 72, and cases cited; Hastings v. Ins. Co., 73 N. Y. 141; Phenix Ins. Co. v. Omaha L. & T. Co., 41 Neb. 834; Ins. Co. v. Bohn (C. C. A), 65 Fed. 173. A notice to a mere soliciting agent, who has no authority to issue policies, of a breach of condition which creates a forfeiture, and which is not communicated by the soliciting agent to his principal, is no notice to the company; that such an agent has no authority either expressly or impliedly to waive any of the conditions of the policy. German ins. Co. v. Heiduk, 46 N. W. 481; Martin v. Farmers Ins. Co., 51 N. W. 29; Bush v. Westchester Fire Ins. Co., 63 N. Y. 531; Hankins v. Rockford Ins. Co. 35 N. W. 34; Bowlin v. Hecla Fire Ins. Co., 31 N. W. 859. Adjusters vested with authority to enter into an agreement with the insured, as to the amount of the loss, are special agents of limited power. They have no authority, as such, to waive any forfeiture of the policy. 16 Am. & Eng. Ency. of Law, 2d Ed., 916; Phenix Ins. Co. v. Lawrence, 4 Met. 9.

*Frank Turner,* for respondent.

The rule of construction where the insurer seeks to enforce a forfeiture is that only a stern necessity will induce such a construction as will nullify a policy. McNamara v. Dakota F. & M. Ins. Co. 1 S. D. 342 Vesey et al, Commercial Union Assurance Co. 18 S. D. 632. An adjustment operates as a waiver of all defenses arising out of the terms of the policy, and all forfeitures known to the insurer, or which ought, under the circumstances, to have been known to him at the time. 13 Enc. Law, 2nd Ed. 383, Farmers' Mut. Fire Ins. Co. v. Gargett, 42 Mich. 289; Illinois Mut. Fire Ins. Co. v. Archdeacon, 82 Ill. 236; Wagner v. Dwelling House Ins. Co. 143 Pa. St. 338; Levy v. Peabody Ins. Co. 10 W. Va. 560; Little v. Phoenix Ins. Co. 123 Mass. 380; Eagan v. Aetna F. & M. Ins. Co. 10 W. Va., 583; Smith v. Glen Falls Ins. Co. 62 N. Y. 85.

FULLER, P. J. On the 14th day of December, 1901, appellant company insured a barn for Fred P. Thomas, situated on premises then belonging to him, subject to a mortgage in favor of respondent Anna G. Edge, to whom the policy of insurance was

thereupon delivered, and to which was attached the following clause for her benefit: "Loss, if any, payable to Anna G. Edge, mortgagee, as her interest may appear. This slip is hereby attached to and made a part of policy No. 15,719, Aberdeen, S. D. Agency of the St. Paul Fire & Marine Insurance Company of St. Paul, Minn." In addition to the usual condition that the policy shall be void if any change, other than by the death of the insured, take place in the interest, title, or possession of the property without the consent of the insurer indorsed thereon, the policy contains the following provision: "If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee, * *. * the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interests as shall be written upon, attached or appended hereto."

The partial loss here sought to be recovered was occasioned by a violent wind storm occurring shortly after Fred P. Thomas, the owner and mortgagor, had sold and transferred the premises to respondents Hogan, who thereupon paid him the unearned portion of the premium received by such company at the time it executed and delivered the policy. For a valuable consideration, and to avoid the hazard of excessive insurance made payable to a mortgagor in actual possession, the mortgagee was named as payee and given an interest in the policy, which, with the knowledge and consent of the company, was immediately delivered to her and ever thereafter remained in her possession. That the company caused the loss to be regularly adjusted, immediately upon receipt of the notice from the Hogans that their barn had been damaged, is further evidence of an original intention to give the mortgagee a contractual status enabling her to recover, though the mortgagor had forfeited every right under the policy. Now, with the consent of the company, an interest exists in favor of the respondent mortgagee, and we must therefore determine whether the violated condition as to alienation, made applicable to the owner, has been imposed upon such mortgagee by virtue of the following ambiguous recital of the policy: "* * * The conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interests as shall be written upon, attached or appended hereto."

Construed in the light of significant circumstances and most strongly against the insurer, as required by the prevailing rule applied by this court in the early case of McNamara v. Insurance Co., 1 S. D. 342, 47 N. W. 288, it is quite evident that the rights of the mortgagee are unaffected by the act of the owner in selling the premises, for the reason that such condition was not written upon, attached, or appended to the provision by which her interest in the policy was created.    Identical language has received a like construction in the following cases: Oakland Home Ins. Co. v. Bank of Commerce, 47 Neb. 717, 66 N. W. 646; Senor and Muntz v. Fire Insurance Co., 181 Mo. 104, 79 S. W. 687; Queen Insurance Co. v. Dearborn Savings, Loan & Building Ass'n, 175 Ill. 115, 51 N. E. 717; Boyd v. Thuringia Insurance Co., 25 Wash. 447, 65 Pac. 785, 55 L. R. A. 165; East v. New Orleans Insurance Association, 26 South. 691; Christenson v. Fidelity Insurance Co., 117 Iowa 77, 90 N. W. 495.    It seems logical that the omission to write upon, attach or append to the mortgagee slip any conditions of forfeiture excludes their consideration in this action, and justified the inference that it was the purpose of the company to insure the mortgagee, as her interest may appear, without regard to such conditions.

Both reason and the greater weight of authority support the view we have taken, and the judgment appealed from is affirmed.