GEORGE W. FORD, Receiver of RAY M. FOUTS and C. O. DOOLEY, Composing Firm of DOOLEY & FOUTS, PHOENIX TRUST COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, GLENN W. FORD, and ALLEN ROLSTON and ARTHUR J. ROLSTON, Composing Firm of ROLSTON & ROLSTON, v. IOWA STATE INSURANCE COMPANY (MUTUAL), Appellant.—298 S. W. 741.

Division One, September 16, 1927.

1. **FIRE INSURANCE: Loss-Payable Clause: Mortgagee.** If the fire insurance policy contains merely the ordinary loss-payable clause, the mortgagee has no direct rights against the insurer, but can recover solely on the rights of the insured, and if the assured cannot recover the mortgagee cannot.

2. ———: ———: **Mortgage Clause: Independent Contract: Ambiguity.** The insurance company's obligation to the mortgagee is regarded as independent of its obligations to the mortgagor, and the conditions of forfeiture as to the mortgagor expressed in the policy do not apply to the mortgagee unless the mortgage clause is made dependable upon the loss-payment clause to be attached to the policy and the attached loss-payable clause clearly makes the conditions a part of itself; but if the stipulations of forfeiture expressed in the policy are clearly expressed in the loss-payable clause, they do apply to the mortgagee.

3. ———: ———: ———: **Express Stipulation.** After the mortgage was executed, a policy was issued insuring the mortgagors against loss by fire of a house on the land. The policy contained the provision that "if an interest under this policy shall exist in favor of a mortgagee, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto." Two weeks later there was issued by the insurer and attached to the policy a loss-payable clause, reciting that "subject to the stipulations, provisions and conditions contained in this policy, the loss, if any, is payable to the mortgagee, or assigns, as

interest may appear." The mortgagors alone were the insured. No consideration passed from the mortgagee to the insurer, and the mortgagee had nothing to do with the issuance and attachment of the loss-payable clause. The house was burned by one of the mortgagors, with the felonious intent to cheat and defraud, and therefore, under the conditions of the policy, the insurance is not collectible by the insured (the mortgagors), but as to them was forfeited. **Held**, that the stipulations, provisions and conditions contained in the policy are clearly made a part of the loss-payable clause, and the conditions of forfeiture applicable to the insured apply in like manner to the mortgagee, and the mortgagee cannot recover. **Held**, also, that, not even in view of the rule requiring a strict construction against the insurer in case of ambiguity in the contract, can the words contained in the clause of the policy relating to the mortgagee, namely, that "the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto," be held to be ambiguous or uncertain, for "the stipulations, provisions and conditions contained in this policy" were clearly made a part of the loss-payable agreement attached to the policy, and the interest of the mortgagee is unequivocally made subject to them. [Distinguishing Senor and Muntz v. Fire Ins. Co., 181 Mo. 104, and Burns v. Ohio Farmers Ins. Co. (Mo. App.), 224 S. W. 98.]

Corpus Juris-Cyc. References: **Fire Insurance,** 26 C. J., Section 346, p. 274, n. 96.

Appeal from Adair Circuit Court.—*Hon. James A. Cooley,* Judge.

REVERSED.

*Hazen I. Sawyer, J. M. Campbell* and *M. D. Campbell* for appellant.

(1) The policy sued upon is the standard form. The loss-payable clause attached thereto provides that subject to the stipulations, provisions and conditions contained in this policy, the loss, if any, is payable to the mortgagee or assigns as interest may appear. That policy was issued to the owners of the property. It is admitted that the assured wilfully and feloniously and with the intent to swindle and defraud burned the property. It was also admitted in the trial court that the assured could not recover. The mortgagee, under the loss-payable clause had no other or greater right than the assured. Hocking v. Ins. Co., 42 S. W. 451; Hill v. International Ins. Co., 116 Kan. 109; Delaware Ins. Co. v. Green, 120 Fed. 916; Gillett v. Company, 41 N. W. 78; Kabrich v. State Ins. Co., 48 Mo. App. 393; Inland Finance Co. v. Home Ins. Co., 236 Pac. 73; Lewis v. Company, 74 N. E. 224; Hamburg-Bremen F. Ins. Co. v. Ruddell, 82 S. W. 826; Union Building Assn. v. Rockford Ins. Co., 83 Iowa, 647. (2) The parties agreed that the assured under the stipulated facts could not recover. The rights of the mortgagee were the same as that of the

assured, and if the assured could not recover the mortgagee could not. Authorities above.

*George F. Heindel, Charles E. Murrell,* and *Rolston & Rolston* for respondents.

(1)   The policy sued upon is not like the standard form mentioned in the cases cited in appellant's brief, but contains a clause to the effect, that, if with the consent of this company, an interest under this policy shall exist in favor of mortgagees, then the conditions contained in such policy shall apply to the mortgagees in the manner expressed in the mortgage or loss-payable clause, or such other endorsements as might be attached to the policy. The loss-payable clause only provides that subject to the stipulations, provisions and conditions contained in this policy, the loss, if any, is payable to the mortgagee as interest may appear. Both the policy and loss-payable clause are wholly silent as to the manner in which the provisions in such policy shall apply to the mortgagees, and so being silent as to the manner in which "the conditions hereinbefore contained" shall apply, they do not apply to the mortgagees at all. Senor and Muntz v. Western Millers' Mutual Fire Ins. Co., 181 Mo. 104; Trust Co. v. Phoenix Ins. Co., 201 Mo. App. 223; Mark Twain Savings Assn. v. Continental Ins. Co., 247 S. W. 215; Burns v. Ins. Co., 224 S. W. 96; Burns v. Ohio Farmers Ins. Co., 224 S. W. 98; Oakland Home Ins. Co. v. Bank, 66 N. W. 646, 47 Neb. 717; Baker v. Liverpool & London Ins. Co., 275 S. W. 316; Christianson v. Fidelity Ins. Co., 117 Iowa, 77; Boyd v. Ins. Co., 55 L. R. A. 165.   (2)   The execution and attaching of the loss-payable clause to the policy created a new contract between the insurance company (appellant herein) and mortgagees (respondents herein), and made the mortgagees the insured so far as their interests exist, and thereafter, and as to such interests, the mortgagees were, and are, the insured. Trust Co. v. Phoenix Ins. Co., 201 Mo. App. 236; Oakland Home Ins. Co. v. Bank, 66 N. W. 646, 47 Neb. 717; Baker v. Liverpool & London Ins. Co., 275 S. W. 318.   (3)   The provision, "Subject to the stipulations, provisions and conditions contained in this policy," set forth in the loss-payable clause, do not carry the conditions of the policy into the loss-payable clause, nor make such conditions applicable to the mortgagees. Baker v. Liverpool & London Ins. Co., 275 S. W. 316.   (4) It is an established rule of construction, that, where the language of the insurance contract is capable of two interpretations, the one must be adopted which is most favorable to the insured, because the language used is that of the insurer, and when repugnant or inconsistent statements or clauses appear in a policy, that statement or clause will be given effect which is the most favorable to the insured. Druck-

er v. Indemnity Co., 204 Mo. App. 204; Oakland Home Ins. Co. v. Bank, 66 N. W. 646, 47 Neb. 717; Senor and Muntz v. Ins. Co., 181 Mo. 104.

ATWOOD, J.—This is an action upon a fire insurance policy tried to the court without a jury upon an agreed statement of facts and resulting in a judgment in favor of certain of the above respondents in the sum of $8,721.25. Motion for a new trial was timely filed and overruled, and defendant appealed.

Plaintiff's petition alleged that on and prior to April 10, 1920, Ray M. Fouts and C. O. Dooley were partners doing business under the firm name of Dooley & Fouts, and the owners of certain lands in Schuyler County; that prior to said 10th day of April, 1920, the said Ray M. Fouts and C. O. Dooley executed a deed of trust conveying said land to secure the payment of their note given to the Phoenix Trust Company in the principal sum of $19,000; that prior to said 10th day of April, 1920, they executed their second deed of trust on the same land to secure their six promissory notes to said Phoenix Trust Company, each given in the principal sum of $1,000; that thereafter all of said notes were sold and assigned to other of the above-named respondents; that in a certain suit in the circuit court wherein Ray M. Fouts was plaintiff and C. O. Dooley was defendant respondent George W. Ford was appointed receiver of all the property and assets of said partnership and thereupon qualified and has since been acting as such; that on or about April 13, 1920, defendant, the appellant herein, executed and delivered its policy of insurance to said Dooley & Fouts for a term of five years from April 10, 1920, in consideration of a premium paid by them, whereby insurance against fire was granted in the sum of $7,500 on a building situate on said lands; that on April 27, 1920, defendant attached and made a part of said policy a loss-payable clause in which it is provided that subject to the stipulations, provisions and conditions of the policy, the loss, if any, is payable to Phoenix Trust Company, mortgagee, or assigns as interest may appear; that said policy is attached to and filed with the original petition in this cause; that the building covered by said policy was totally destroyed by fire on April 9, 1921; that proof of loss was duly made within the time and in the manner provided and payment thereof refused.

Defendant's answer admits the issuance of the policy sued on, avers that it is recited in the policy that the same should be void in case of any fraud by the insured touching any matter relating to insurance or the subject thereof, and that the policy should be void if the hazard of said property be increased by any means within the control or knowledge of the insured; that the fire mentioned in plaintiff's petition was wilfully, feloniously and on purpose caused by the said

C. O. Dooley, with the felonious and unlawful intent and purpose on his part of creating a false and fraudulent claim of liability on said policy, and with the felonious intent and purpose on his part to swindle and cheat the defendant.

The following facts were agreed upon by the parties:

"1.   That Ray M. Fouts and C. O. Dooley were partners and that the plaintiff, George W. Ford, is the duly appointed receiver of the firm of Dooley & Fouts, and as such is empowered to bring and maintain actions, all as set forth in plaintiffs' petition.

"That the Phoenix Trust Company is a corporation as charged in said petition, and is the payee, assignor and holder of the notes and deed of trust as alleged in said petition.

"That the Metropolitan Life Insurance Company is a corporation as charged in said petition, and is the holder in due course of the $19,000-note and deed of trust securing the same, as set forth in said petition.

"That Allen J. Rolston and Arthur J. Rolston are partners as alleged in said petition, and that they and said Glen W. Ford are the owners in due course of the notes as therein alleged.

"2.   That said firm of Dooley & Fouts was the owner of the real estate and executed the notes and deeds of trust as set forth in said petition, and that such notes were assigned and are now held as set forth in said petition.

"3.   That the defendant is a corporation, and executed the policy of insurance and the stipulations thereto attached which is attached hereto and a part hereof.

"4.   That the building insured was of the value set forth in said petition, and that such dwelling house was totally destroyed by fire on the 8th day of April, 1921.   That plaintiffs performed all conditions required of them by law and by such policy, relating to giving notice and furnished the proof of loss as therein stated.

"5.   That none of the insurance provided for in said policy has been paid, although plaintiffs demanded such payment prior to the bringing of this action.

"6.   That said policy of insurance contains the provisions set forth in defendant's answer and that C. O. Dooley wilfully, feloniously and on purpose caused the fire mentioned in plaintiffs' petition, with the unlawful and felonious intent and purpose on his part to cheat, swindle and defraud.

"7.   That such policy of insurance, with all endorsements thereon, is to be offered and read in evidence as though the application for such insurance was also offered therewith.

"8.   That the copy of the application of Dooley & Fouts for the loan resulting in the notes and deeds of trust mentioned in said petition, may be offered in evidence as though it was the original.

"9.   That certified copies of such deeds of trust may be offered in evidence, as though they were the originals.

"10.   That the plaintiffs tendered evidence that such loans would not have been made by said Phoenix Trust Company nor purchased by its assignees, as stated in said petition, without such insurance being furnished.

"11.   That either party hereto may offer such other evidence as they may desire not inconsistent herewith, and this stipulation shall be offered in evidence and either party may object to any provision on the grounds same is incompetent and immaterial to any issue made by the pleadings."

The policy attached to plaintiffs' petition was offered and admitted in evidence.

Counsel for the respective parties stated the question for decision to be, that plaintiffs contended that notwithstanding Dooley burned the property as set out in said agreed statement, they as mortgagees are nevertheless entitled to recover; that defendant claims the terms of the loss-payable clause are such that if the fire was set by Dooley, as stated in the stipulation, and it is agreed that he did so set it, plaintiff cannot recover, this upon the theory that the mortgagee has no other or greater right than the assured. It was also stated and conceded that the assured could not recover under the stipulated facts.

The judgment of the trial court was "that plaintiff, George W. Ford, receiver of Ray M. Fouts and C. O. Dooley, take nothing by his writ herein; and that plaintiffs Phoenix Trust Company, the Metropolitan Life Insurance Company, Glenn W. Ford, and Allen Rolston and Arthur J. Rolston have and recover of the defendant the said sum of $8,721.25, so found and assessed by the court, together with their costs in this behalf expended, taxed at $........, and that execution issue therefor."

The right of a mortgagee under a "loss-payable" clause contained in a fire insurance policy is thus stated in 14 Ruling Case Law, page 1037:

"A mere 'loss-payable' clause in favor of a mortgagee gives him no right not possessed by the insured, and if the policy is avoided as to the insured it is invalid as to the mortgagee."

Of like import is the following note excerpt from 18 L. R. A. (N. S.) 1. c. 199:

"Generally, instead of having a policy assigned to him, a mortgagee has the insurer indorse thereon what is usually called 'the loss-payable clause'—that is, a clause providing that the loss, if any, shall be payable to the mortgagee as his interest may appear. If there is no other stipulation in regard to the interest of the mortgagee, the overwhelming weight of authority sustains the proposition that the

contract as to the mortgagee is merely collateral to the principal undertaking to pay the mortgagor, and that the mortgagee is merely an appointee of the fund, and his rights are no greater than those of the assured; and that, therefore, a breach by the latter will avoid the policy as to the mortgagee.''

Respondents concede the soundness of this rule and its general recognition, but rely upon the applicability of the doctrine thus stated in 14 Ruling Case Law, page 1086:

''The mortgagee's rights are sometimes protected by a provision that 'if, with consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described therein, the conditions hereinbefore contained shall apply in the manner expressed in such conditions and provisions of insurance relating to such interest as shall be written upon, attached or appended thereto.' And such provision has the effect of preventing the conditions previously mentioned from applying to such interest, unless they are again written on, attached or appended to the policy, as applicable to that interest, and the interest of a mortgagee is free from all such conditions not thus attached.''

After the issuance of the policy here in suit the following loss-payable clause was attached thereto:

''Loss Payable Clause.

''9487

''Received April 28, 1920, Iowa State Ins. Co.

''Subject to the stipulations, provisions and conditions contained in this policy, the loss, if any, is payable to Phoenix Trust Company, mortgagee, or assigns, as interest may appear.

''Attached to and forming a part of Policy No. 248954 of the Iowa State Insurance Company, of Keokuk, Iowa,

''Dated Apr. 27, 1920.

''G. R. Hombs, Agent.''

At the time of its issuance the policy contained the following provision:

''If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto.''

The case cited in support of the doctrine above quoted from 14 R. C. L. 1086, is Welch v. British American Assurance Co. (1905), 148 Cal. 223, 7 Am. & Eng. Ann. Cas. 396. In that case a fire insurance policy was issued to the owner of the property, who thereafter

executed a deed of trust on the property securing an indebtedness to one George D. Welch, and the insurer, at the request of the owner of the property, attached the following writing to the policy: "Loss, if any, payable to George D. Welch, as his interest may appear." The policy at the time it was issued contained a provision which for convenience is referred to in the opinion as a "mortgage clause," and is word for word the same as that last above quoted from the policy now before us. In the California case it was contended that this mortgage clause should be interpreted as if it read that the conditions of the policy should apply "in the manner expressed in such provisions and conditions of insurance, *so far as those conditions and provisions* relate to such interest as shall be written upon, attached or appended hereto." The court said that this was contrary to the grammatical construction of the clause and did violence to the natural and ordinary meaning of the language, and was also contrary to the rule that a contract must be construed so as to give some effect, if possible, to every part of it, and that, therefore, if such paraphrase clearly stated the meaning intended by the mortgage clause, its insertion was idle and useless, for the legal effect of the policy would be the same without as with it. If this could be considered a reasonable construction, the court added, the other—that is, that the conditions intended to be binding upon the mortgagee should again be written upon, attached or appended to, the policy—was at least as reasonable, and, under the rule of construction against the insurer, who prepared the policy, the latter meaning should be adopted. Affirming judgment in favor of the mortgagee, the court said, 1. c. 398:

"No conditions with reference to the plaintiff's interest, or statement specifying the extent to which the conditions of the policy should apply thereto, were written upon, attached, or appended to the policy. We are therefore of the opinion that the interest of a third person in the policy is not subject to the conditions in question, and that such third person is not responsible for the acts of the insured in violation thereof, and consequently that the conveyance of the title to Sanborn without the consent of the company did not forfeit the interest of the plaintiff in the policy. . . .

"The mortgage clause in the policy under consideration is a part of the form of policy known as the 'New York Standard Form.'

"It has been construed, however, by the highest courts of Nebraska, Washington, Mississippi, Illinois, Iowa and Missouri in the following cases: Oakland Home Ins. Co. v. Bank of Commerce, 47 Neb. 717, 66 N. W. 646, 58 Am. St. 663; Boyd v. Thuringia Ins. Co., 25 Wash. 447, 65 Pac. 785; Queen Ins. Co. v. Dearborn Sav. Assn., 175 Ill. 115, 51 N. E. 717; Christenson v. Fidelity Ins. Co., 117 Iowa, 77, 90 N. W. 495; East v. New Orleans Ins. Assn., 76 Miss. 697, 26 So.

691; Senor v. Western Millers' Ins. Co., 181 Mo. 115, 79 S. W. 687. These decisions all concede that, in the absence of such mortgage clause, the mortgagee takes subject to all the conditions expressed in the body of the policy, but hold, as we have held, that by virtue of the mortgage clause in the body of the policy the interest of the mortgagee is free from all such conditions, except such as are repeated at the time of the creation of that interest by being at that time again, in substance at least, written upon the policy or attached or appended thereto.''

The above case is also directly supported by Edge v. St. Paul Ins. Co. (S. Dak., 1905), 105 N. W. 281, and in connection with a report of Smith v. Germania Fire Ins. Co. (Sup. Ct. Ore., 1922), 202 Pac. 1030, and a subsequent review of cases construing similar loss-payable and mortgage clauses the weight of authority is thus stated in 19 A. L. R. 1449:

''By the weight of authority, and apparently the better reasoning, especially in view of the rule requiring a strict construction against the insurer in case of ambiguity, the insurer's obligation to the mortgagee is regarded as independent of its obligation to the mortgagor, and by virtue of the above clause provisions and conditions as to forfeiture are held not to obtain as against the mortgagee unless they are written on, attached or appended to, the policy, by an additional provision making it appear that they are applicable as against the mortgagee.''

The contrary view upon a similar state of facts is well stated in Brecht v. Law Union & Crown Ins. Co. (1909), 160 Fed. 399, 18 L. R. A. (N. S.) 197, but in the annotation at page 207 attention is thus called to the fact that it is the minority view:

''Like the contract sued upon in Brecht v. Law Union & Crown Ins. Co., policies of fire insurance sometimes contain a provision that, if an interest shall exist thereunder in favor of a mortgagee, the conditions contained therein shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended thereto. In the construction of this clause, the weight of authority is against the conclusion reached in the Brecht case.''

In Missouri, as far as we have been able to ascertain, the Supreme Court has spoken but once on a state of facts similar to that in the California case, supra, and our decision was in line with the above weight of authority. The case is Senor and Muntz v. Fire Ins. Co., 181 Mo. 104, decided in 1904, wherein the ''mortgage clause'' was identical in form with the one now before us, and the ''loss-payable clause'' attached to the policy was as follows:

''It is hereby further agreed that such loss or damage as shall have been ascertained and proven to be due under this policy to C.

M. Senor shall be held payable for his account unto P. Muntz, post-office address Kansas City, Mo., as his interest may appear. This slip is attached to and forms a part of Policy No. 1705 of the Western Millers' Mutual Fire Insurance Company of Kansas City, Mo.''

Appellant cites many authorities, all of which we have carefully examined, in support of the proposition that if the policy contains merely the ordinary loss-payable clause, the mortgagee has no direct rights against the insurer, but recovers solely on the right of his mortgagor. We deem it unnecessary to burden this opinion with a recital or an analysis of these authorities because we understand the above proposition and respondents concedes it to be a correct statement of law. But respondents contend that this policy contains something more than the ''ordinary loss-payable clause,'' to-wit, the mortgage clause above quoted from the body thereof, which relieves the mortgagee from the provisions and conditions of the policy that concededly deprive the owner of the property from any benefits under the policy.

In deciding the case of Senor and Muntz v. Fire Ins. Co., supra, in favor of the mortgagee and against the insurer, after quoting the loss-payable and mortgage clauses as hereinabove given, we said:

''This contract must speak for itself. It says, as to the interest existing under the policy in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance, the conditions contained in the policy shall apply to such interest, in the manner expressed in such provisions and conditions of insurance relating to such interest, 'as shall be written upon, attached or appended hereto.'

''An examination of the slip forming a part of the contract, providing for the interest of Phillip Muntz in the policy, discloses that none of the conditions of the policy, the violation of which would render it void as to Senor, are to be found in it, nor are any of the conditions 'written upon, attached or appended to the policy.' Hence, it logically follows that the conditions of the policy which render it void as to Senor, do not extend to or in any manner affect the interest of plaintiff Muntz.

''This results from the express provisions of the contract, that the conditions should only apply to his interests, when expressed in the manner provided by the policy; the conditions not having been so expressed, have no application to his interests.

''The contention of respondent upon this proposition is fully supported by the cases cited, which involved, in principle, the identical question now being considered. [Ins. Co. v. Bank, 47 Neb. 717; Boyd v. Thuringia Ins. Co., 25 Wash. 447.]''

If both the loss-payable clause and the mortgage clause in this policy were the same as in the above cases of Senor and Muntz v. Fire

317 Mo. Sup.—73.

Ins. Co., 181 Mo. 104, and Welch v. British American Assurance Co., 148 Cal. 223, we might affirm this case on such authority, but the loss-payable clause in this policy differs from the loss-payable clauses in the policies there involved in that it distinctly refers to the "stipulations, provisions and conditions contained in this policy" by specifically making the loss-payable clause subject thereto, while the loss-payable clauses construed in the other cases are absolutely barren of any such reference. It is seemingly the contention of appellant that this reference carries the stipulations, provisions and conditions of the policy into the loss-payable clause, and in this sense they are "written upon, attached or appended to the policy," as required in Senor and Muntz v. Fire Ins. Co. and other cases above cited.

Respondents say that "this identical question was passed upon by the Kansas City Court of Appeals in Burns v. Ohio Farmers Ins. Co., 224 S. W. 98." On the facts in that case we think an entirely different question was raised and passed upon. The opinion shows that this was a renewal policy written at the instance of the mortgagee after the creation of the mortgage indebtedness. Apparently the only references to the rights of the mortgagee were in the body of the policy, no "loss-payable" slip being attached. In addition to the mortgage clause above quoted from the policy we now have under consideration, this renewal policy contained certain other provisions not found in the policy or slip thereto attached in the instant case, to-wit, that the insurance "shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured," and that "except as herein specifically waived, this agreement is subject to all the stipulations and conditions of the policy to which it is attached." The first of these two provisions in its essential purpose is not unlike the usual union or standard clause generally attached to a policy when the mortgagee is to be exempted from certain policy conditions applicable to the owner of the property. Such a provision or clause has been held to be a new and independent contract of insurance between the insurance company and the mortgagee "ingrafted upon the main contract of insurance contained in the policy itself to be rendered certain and understood by reference to the policy itself." [Trust Co. v. Ins. Co., 201 Mo. App. 223; Syndicate Ins. Co. v. Bohn, 65 Fed. 165; Heilbrunn v. German Alliance Ins. Co., 202 N. Y. 610; Reed v. Firemen's Ins. Co., 81 N. J. L. 523.] As the record in the Burns case is reflected in the opinion it does not appear that the insurance contract taken as a whole was necessarily ambiguous, but whether the whole contract was clear or ambiguous, the result reached was possible only because of the "new and independent contract of insurance between the insurance company and the mortgagee," represented by the provision exempting the mortgagee. No such provision appears in the policy or attached loss-payable clause in

the instant case, or in either of the policies and loss-payable clauses construed in Senor and Muntz v. Fire Ins. Co., 181 Mo. 104, or Welch v. British American Assurance Co., 148 Cal. 223, supra.

Respondents also cite Baker v. Liverpool & London & Globe Ins. Co., 275 S. W. (Tex. Ct. Civ. App.) 316. The loss-payable clause in that case read:

"It is agreed that any loss or damage ascertained and proven to be due to the assured under this policy shall be held payable to E. N. Baker as interest may appear, subject, however, to all the terms and conditions of this policy."

The Texas court held that the general language "subject, however, to all terms and conditions of this policy," appearing in the loss-payable clause, did not control to forfeit the policy as against the mortgagee on account of violation of a mortgage foreclosure provision in the policy. However, the opinion further reads (1. c. 318):

"The facts are undisputed and constitute appellants the insured under the contract for the insurance. A mortgagee is the insured, where he applies for the insurance on his interest in the mortgaged property, fully informs the insurance company of that interest, pays the premium and obtains the policy which the insurance company selected, issued, and delivered to effectuate the purpose, declaring to him that such was its regular and customary form of policy for insuring the interest of a mortgagee, though the form of the policy was in fact that regularly and customarily used by the company for insuring the interest of the owner or mortgagor, with a loss-payable clause making the mortgagee payee."

The above case was apparently decided upon the conceded fact that the mortgagee was the insured, and "the seeming inconsistency of the terms of an insurance contract insuring a mortgage lien and at the same time providing that a proceeding to foreclose the lien insured would destroy or avoid the policy of insurance." The agreed statement of facts in the instant case discloses no such situation. The owners of the property and not the mortgagee were the insured. It does not appear that any consideration passed from the mortgagee to the insurer, or that the mortgagee had anything whatever to do with the issuance and attachment of the loss-payable clause. The fact that the usual union or standard mortgage clause exempting the mortgages from the effect of conditions broken by the owner of the property was not attached to the policy indicates that the mortgagee gave the matter little or no consideration or attention. Nor do we agree with that portion of the opinion cited by respondents from the above Texas case to the effect that such general terms of the loss-payable clause when read with other provisions of the policy create an ambiguity. The clause common to both policies, and which for the sake of convenience has been herein referred to as the "mortgage

clause," evidently contemplates that whenever a mortgage interest exists there should be some indication elsewhere in the policy or in a clause attached to the policy of the manner in which the conditions of the policy apply to the mortgage interest. This indication may be in the form of the usual union mortgage clause or any other clause attached to the policy. In the instant case this indication is not omitted as in the case of Senor and Muntz v. Fire Ins. Co., 181 Mo. 104, but is presented in the loss-payable clause which plainly says that all the conditions of the policy shall apply to the mortgage interest. The meaning is apparently too clear for any misunderstanding. Perceiving no ambiguity in the policy as a whole we adopt its plain meaning as contended for by appellant. It may be that the conditions of the policy yielded little protection to the mortgagee, but that was a proper matter of agreement between the mortgagee and the insurer whether the contract be treated as new and independent or only derivative. It is regrettable that in this case the holders of bona-fide indebtedness should suffer because of the misdeed of an owner of the property, but the mortgagee's interest being insured subject to a condition of the policy covering this contingency, the insurer is not liable on breach of condition.

The judgment of the circuit court is reversed. All concur, except *Gantt, J.*, not sitting.