## INSUFFICIENT DEFENSES UNDER A POLICY OF FIRE, INSURANCE.

Court of Appeals for Hamilton County.

THE CENTRAL TRUST & SAFE DEPOSIT COMPANY v. THE DUBUQUE FIRE & MARINE INSURANCE COMPANY.

. Decided, July 11, 1913.

*Fire Insurance—Failure to File Proofs of Loss Within Prescribed Time—Interest of Mortgagee Not Forfeited by Violation of Conditions of Policy.*

1. The provision in a policy of fire insurance that proofs of loss must be presented to the company within sixty days after the occurrence of a loss by fire in the premises insured, does not render the policy void by reason of failure to file proofs within the prescribed time, where there is no provision in the policy which renders it void by reason of such failure.

2. The violation of conditions of a policy, such as are relied upon as a defense in this case, do not release the company from liability to a mortgagee whose interest in the property was obtained by virtue of a slip of paper attached to and made a part of the policy, making loss, if any, payable at the request of the insured to the party therein named as his interest may appear unless expressly made applicable to said mortgage by reference in said mortgage clause or by being written upon, attached or appended to said policy notwithstanding the contract as between the owner of the property and the insurance company might be invalidated by reason of such disregard of the conditions of the policy.

*DeCamp & Sutphin,* for plaintiff in error.
*J. L. Kohl,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

This was an action for the recovery of the amount of a fire insurance policy on certain premises upon which plaintiff held a mortgage. The policy sued upon was orginally issued by the German National Insurance Company, and the defendant company was claimed to be liable under an agreement for re-insurance made by it with said German National Insurance Company

whereby it agreed to adjust and pay all losses by fire occurring after November 19, 1906, on the buildings described in the policy sued upon herein. There is no dispute about the facts. The fire occurred within the life of the policy, on September 2, 1907. The loss was practically total and far exceeded the amount of the insurance. The agents of defendant company were promptly notified of the loss the day following the fire, and adjustment of same was turned over to an adjustment company who acted for the insurance company. The plaintiff as mortgagee took the matter up with said adjustment company but formal proof of loss was not filed with the insurance company until December 13, 1907. No final action was taken by the insurance company until January 23, 1908, when it notified the mortgagee by letter denying any liability under the insurance policy upon this property. Suit was filed by said mortgagee July 31, 1908, which resulted in a directed verdict in favor of the defendant.

The questions presented in the record are purely questions of law. The fifth defense relied upon by defendant in its answer averred that proofs of loss had not been rendered with sixty days after the fire, and that the insured did not extend in writing the time for the rendering of such proofs of loss, all as required by the terms of the policy, which are set out in the answer. The question raised by this defense is the same as that passed on in the case of *Eureka, etc., Ins. Co.* v. *Gray,* 2 C.C. (N.S.), 265. In the policy under consideration here, just as in that case, there was no provision which made the policy void or provided that no action could be brought if proofs of loss were not rendered within sixty days as provided for in the policy. That case was affirmed without report by the Supreme Court in 69 O. S., 542.

Three other defenses relied upon by the defendant and separately set up in the second, third and fourth defenses of the answer are respectively: (2) that the subject of insurance was a manufacturing establishment and it ceased to be operated for more than ten consecutive days; (3d) that with the knowledge of the insured, foreclosure proceedings had been commenced and notice given to sell all property covered by this policy by virtue

of a mortgage; and (4th) that the building described in the policy became vacant and unoccupied and so remained for ten days. Clauses rendering the policy void upon the happening of either of these conditions were quoted from the policy and urged as complete defenses. Plaintiff denied that these conditions however applied as against it as mortgagee, by reason of the language found in the policy contained within lines 56 to 59 inclusive, as follows:

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto."

The interest of plaintiff in the company is obtained by virtue of a provision contained on a slip of paper attached to and made part of the policy of insurance at the time it was written, which read as follows:

"At the request of the assured, loss under this policy, if any, is hereby made payable to the Central Trust & Safe Deposit Company, as their interest may appear."

Whether these conditions, which as between the owner and the insurance company would clearly have invalidated the policy, have such effect as to the mortgagee depends upon the construction placed upon the language above quoted found in lines 56 to 59 of the policy.

This language has been directly construed in the case of *Farmer's National Bank* v. *Delaware Ins. Co.*, 83 O. S., 309, in which it is held that such violation of the provisions of the policy by the insured will not release the insurance company from liability to the mortgagee. This case is directly in point and controls the case at bar.

Other courts have put the same construction upon this language. *Insurance Company* v. *Bank of Commerce*, 47 Neb., 717; *East* v. *Ins. Co.*, 76 Miss., 697; *Boyd* v. *Ins. Co.*, 23 Wash., 447;

*Welsh* v. *Ins. Co.*, 148 Cal., 223; *Secor* v. *Ins. Co.*, 181 Mo., 164; *Christenson* v. *Ins. Co.*, 117 Iowa, 77; *Ins. Co.* v. *Building Assn.*, 175 Ill., 115; *Edge* v. *Ins. Co.*, 20 S. D., 190.

A different construction has been put upon this clause by the federal courts in *Delaware* v. *Grove*, 120 Fed., 919; *Vancouver Bk.* v. *Ins. Co.*, 153 Fed., 440; and the court below seems to have relied upon this construction instead of being controlled by our own Supreme Court.

The judgment below will be reversed and judgment entered here for plaintiff in error.