HERRICK ET AL. *v.* CITY OF NEW YORK INS. CO. ET AL.

(Decided May 25, 1935.)

*Messrs. Carpenter & Freeman,* for plaintiffs in error.

*Messrs. Mooney, Bibbee & Edmonds* and *Messrs. Young & Young,* for defendants in error.

GUERNSEY, J. The plaintiffs in error were plaintiffs and the defendants in error were defendants in the

lower court and will be hereafter referred to in the relation they appeared in that court.

The plaintiffs, Emily Herrick and The Willard United Bank, Willard, Ohio (successor to The Commercial Banking Company, Willard, Ohio), brought their action in the Common Pleas Court against the defendant, the City of New York Insurance Company, to recover for a certain fire loss under and by virtue of a policy of fire insurance issued by the defendant insurance company on a dwelling house consisting of a two-story frame building with slate roof, owned by the plaintiff Emily Herrick and situated in Steuben village, Greenfield township, Huron county, Ohio. The Euclid-55th Lumber Company, which is the owner and holder of a certain second mortgage upon the real estate upon which the insured buildings were located, was made a party defendant to the action.

The policy of insurance referred to was issued on May 31, 1930, and was for the term of three years. The premium for the full term was paid and the policy under its terms expired on May 31, 1933. In the body of the policy it was provided that the "Loss, if any, to be adjusted only with the insured named herein and payable to the insured and The Commercial Banking Co. Willard, Ohio, as their mortgage interest may appear, as their respective interests may appear, subject, nevertheless, to all the terms and conditions of the policy."

Mrs. Emily Herrick is named as the insured in the policy. The insurance was for the sum of $3,000. The Commercial Banking Company, Willard, Ohio, of which the plaintiff. The Willard United Bank, Willard, Ohio, is the successor, holds a first mortgage on the real estate on which the insured building was located, which mortgage remained in full force and effect during the entire term of the policy, and The Euclid-55th Lumber Company held a second mortgage on the property during the period the policy was in effect.

The insured building was destroyed by fire on January 4, 1933, prior to the time of the expiration of the term named in the policy. The Euclid-55th Lumber Company was not named in the policy or in any endorsement thereon. At the time the dwelling house was destroyed by fire there was owing to the plaintiff bank on the mortgage indebtedness of Emily Herrick to it, the sum of approximately $2,000, and there was owing to The Euclid-55th Lumber Company the sum of approximately $1500 on the mortgage indebtedness held by it.

Subsequent to the delivery and acceptance of the insurance policy sued upon, a foreclosure suit was commenced against Emily Herrick in the Common Pleas Court of Huron county by The Euclid-55th Lumber Company upon its mortgage, and such foreclosure suit remained pending up until, and including, the time of the fire on January 4, 1933, and the plaintiff, Emily Herrick, had knowledge, prior to the fire, of the commencement of such foreclosure proceeding.

Subsequent to the date of the fire, the necessary and appropriate notices and proofs of loss were made and given to the defendant insurance company in accordance with the provisions of the policy.

The signature to the policy is in the following form:

"Countersigned at the agency of this company at Norwalk, Ohio, this 31st day of May, 1930.

"C. B. Lawrence, Agent."

The policy, which is in the standard New York statutory form of policy, which form is in general use in Ohio, contains the following provisions:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed. * * *

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto.

"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this Company, shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege for permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

There were no endorsements written upon, attached or appended to the policy.

It was contended by the plaintiff, Emily Herrick, that there was a waiver by the insurance company of the violation of the provision of the policy rendering the policy void if, with the knowledge of the insured, foreclosure proceedings be commenced of any property covered by the policy by virtue of any mortgage; and it was contended by the plaintiff bank that the

provision mentioned was waived by the insurance company, and also that because the policy contained a "loss payable clause" in its favor as a mortgagee, the violation of the foreclosure condition of the policy could not be held to deprive the bank of its right of recovery under the policy.

The following testimony of C. B. Lawrence, the agent who solicited the insurance and whose name is signed to the policy as hereinbefore set forth, is relied upon by the plaintiffs as tending to prove the authority of C. B. Lawrence to make such waiver on behalf of the insurance company, to wit:

"Q. As agent, did you issue vacancy permits and permits of that kind? A. Yes, sir.

"Q. And of course any information you had you conveyed that to the companies?

"Mr. Edmonds: I move to rule out the answer and I object to the question as leading and immaterial.

"Court: Overruled.

"Mr. Edmonds: Exception.

"Q. What was your answer? A. I hadn't made any answer.

"Q. What do you say now about that? A. We always made up any endorsements—any endorsements that we issued we made three copies, one for the company, one for our record and one for the policy.

"Q. Anything you did you kept the company advised of, is that right? A. Yes, sir."

There is evidence that subsequent to the issuance and delivery of the policy and some time prior to the fire C. B. Lawrence had knowledge of the commencement of the foreclosure proceeding above referred to, and this, with the above quoted testimony, is the only evidence which is relied on as tending to prove notice, knowledge or waiver by the insurance company of the provisions of said policy with reference to forfeiture in case of commencement of foreclosure proceedings,

there being no evidence that the insurance company, in any other manner, had notice or knowledge of the commencement of foreclosure proceedings.

The case was tried to a jury and the evidence above referred to relied upon by the plaintiffs as tending to prove waiver of such provision on the part of the insurance company, was admitted over the objection of the defendant insurance company, but was later, on motion of the defendant insurance company, excluded by the court for the reason, as stated by the court, that there is nothing in the record to show that whatever was communicated to Lawrence was communicated by him to his principal, the insurance company.

At the close of all the evidence the defendant insurance company, having offered no evidence, moved the court for the direction of verdicts in its favor against the plaintiffs Emily Herrick and The Willard United Bank, and against the defendant The Euclid-55th Lumber Company, which motions were sustained by the court and verdict rendered accordingly. A motion for new trial was filed and overruled and judgment entered on the verdict, and this proceeding in error is brought by the plaintiffs in error to reverse said judgment. The defendant, The Euclid-55th Lumber Company did not file any petition or cross-petition in error, so that as to it the judgment of the trial court is final.

In the brief of the plaintiffs in error there are only two errors specified which, under the statute, will be the only ones considered by this court. The errors referred to are as follows:

1. The rejection of competent evidence offered by the plaintiffs.

2. In granting the motion of the insurance company for a directed verdict and withdrawing the case from the consideration of the jury and directing the verdict on behalf of the defendant insurance company.

The errors specified will be considered in the order mentioned.

1. The evidence referred to in the assignment of error as being rejected is specified in the brief as being the evidence hereinbefore referred to, relied on by the plaintiffs as tending to prove waiver of the provision relating to foreclosure proceedings hereinbefore set forth. The evidence as to the knowledge of the agent, C. B. Lawrence, of the commencement of the foreclosure proceedings shows that such knowledge was communicated to him at a time subsequent to the issuance of the policy of insurance. As above set forth, the policy contains a provision to the effect that no officer, agent or other representative of the company shall have power to waive any provision or condition of the policy except such as by the terms of the policy may be the subject of agreement endorsed thereon or added thereto; and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached thereto, nor shall any privilege or promise affecting the insurance under the policy exist or be claimed by the insured unless so written or attached. There were no endorsements on the policy or attached thereto.

It is the settled law of Ohio that this limitation of authority of agents contained in the policy is valid and binding upon the insured and prevents waiver or alteration of the terms of the contract by alleged knowledge of the agent of violation of conditions *after the policy is issued,* and that the insurance company is not estopped to assert violation of conditions occurring after the policy is issued by knowledge of the agent not brought to the knowledge of the company. *Travelers' Ins. Co.* v. *Myers & Co.,* 62 Ohio St., 529, 57 N. E., 458, 49 L. R. A., 760; *Ohio Farmers' Ins. Co.* v. *Titus,* 82 Ohio St., 161, 92 N. E., 82.

The evidence above referred to, and relied upon by the plaintiffs as tending to prove authority of an agent to waive on behalf of the insurance company, does not tend to prove C. B. Lawrence had any authority of a character different from the authority ordinarily conferred on a local soliciting agent of an insurance company in countersigning policies and endorsements thereon, and does not tend to prove that C. B. Lawrence had the power or authority of a general agent of the defendant insurance company. Lawrence himself testified that he had no authority to waive any of the conditions of policies except by written endorsement. This being the case, and the evidence showing that any knowledge gained by Lawrence of the commencement of the foreclosure proceedings was gained subsequent to the issuance of the policy, the provisions of the policy with reference to waiver by an agent were applicable and, as the testimony rejected did not tend to prove a waiver by the company, it was therefore properly rejected.

There was no tender of proof by the plaintiffs as to what witness Lawrence would have testified to if permitted to answer, on his re-direct examination by the plaintiffs, the question "What did you do as agent for the insurance company?", objected to by the defendant insurance company, and consequently if the sustaining of such objection by the court was erroneous it did not appear from the record that it was prejudicial, and such ruling by the court, if erroneous, does not constitute reversible error.

2. Upon their second assignment of error in directing verdict, it is contended by the plaintiffs:

a. That the action of the court was erroneous as to the plaintiff Emily Herrick because there was evidence tending to prove waiver of the condition of the policy rendering the policy void if foreclosure proceedings commenced.

b. That the action of the court was erroneous as to the plaintiff bank for the reasons that there was evidence tending to prove waiver of the condition by the insurance company, and that under the terms of the policy the insurance remained in force as to the bank irrespective of whether such proceedings were commenced or not.

(a) We have already discussed the question of proof of waiver and have concluded that there was no evidence tending to prove such waiver on the part of the insurance company. It has been held in numerous cases that the condition of a fire insurance policy to the effect that the entire policy shall be void if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by the policy by virtue of any mortgage or trust deed, is valid and enforcible. It is said that it is a condition tending to reduce the moral hazard borne by the insurance company, as underwriting experience has shown that, when property owners become financially unable to take care of their secured obligations, or are so neglectful of them that foreclosure must be resorted to, the likelihood of fire becomes greater, and the temptation to incendiarism is increased. Insurance on property covered by a mortgage in good standing may be as safe as insurance on unencumbered property. Insurance on property covered by mortgage in default and in process of foreclosure involves greater risk. Consent to insurance under safe conditions does not include or imply consent to carry the risk under conditions which have become hazardous, and if consent of the latter kind be negatived by a provision that the policy shall become void on commencement of foreclosure, the provision becomes operative when the condition creating the hazard occurs. *Delaware Ins. Co.* v. *Greer,* 120 F., 916; *Hole, Admx.,* v. *National Fire Ins. Co.,* 122 Kan., 328, 252 P., 263, 50 A. L. R., 1113.

As the provision referred to is valid and enforcible, and as there was no evidence tending to prove waiver, there was no error in the direction of the verdict in favor of the insurance company and against the plaintiff Herrick, and in so far as the question of waiver is concerned, there was no error in the direction of the verdict against the plaintiff bank.

(b) We will therefore consider the question raised by the plaintiff bank as to whether the clause of the policy relating to the commencement of foreclosure proceedings was applicable to it.

Under a standard or union mortgage clause attached to a policy, the mortgagee is not insured, and sustains no contract relationship with the insurance company, the insurer, independent of the latter's contract with the mortgagor, the insured, and the mortgagee is simply the appointee to receive the amount due, if any, under the contract between the mortgagor and the insurer as the interest of the mortgagee, as mortgagee, in the insurance, not in the property, shall appear; and the policy conditions existing between the insured, the mortgagor, and the insurance company are equally binding and conclusive upon the mortgagee under this mortgage clause, except as expressly modified by the mortgage clause itself. *Erie Brewing Co.* v. *Ohio Farmers' Ins. Co.,* 81 Ohio St., 1, 89 N. E., 1065, 135 Am. St. Rep., 735, 25 L. R. A. (N. S.), 740; *Sun Ins. Office* v. *Scott,* 284 U. S., 177, 76 L. Ed., 229, 52 S. Ct., 72; *Little* v. *Eureka Ins. Co.,* 5 Dec. Rep., 285, 4 Am. L. Rec., 228, affirmed 38 Ohio St., 110.

The decision in the case of *Farmers National Bank* v. *Delaware Ins. Co.,* 83 Ohio St., 309, 94 N. E., 834, is not applicable to the construction of the policy in the case at bar, for the reason, as shown at page 316 of the statement of the case and at page 329 of the opinion, that there was no provision in the mortgage clause or in the body of the policy in that case that

the conditions contained in the body of said policy should be applicable to the mortgagee, while in the instant case there is a clause in the loss payable provision set forth in the body of the policy expressly making the payment of the loss to the mortgagee, subject to all the terms and conditions of the policy. And for the same reason, the decision in the case of *Central Trust & Safe Deposit Co. v. Dubuque Fire & Marine Ins. Co.,* 1 Ohio App., 447, affirmed without opinion, 92 Ohio St., 516, 112 N. E., 1083, is not applicable to the construction of the policy in the instant case.

As the policy in the instant case in its loss payable clause in the body of the policy contains the provision making payment of loss to the mortgagee subject to all the terms and conditions of the policy, the provision of the policy that: ''If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto'' is not in any way ambiguous in its application to the interest of the mortgagee under the policy in the instant case. And the holding that this quoted clause was ambiguous, in its relation to the clause making the loss, if any, payable to the mortgagee in the policy in the case in 83 Ohio St., 309, *supra,* was solely by reason of the fact that the loss payable clause in that case did not contain a limitation to the effect that it was subject to the terms and conditions of the policy.

The action of the trial court, therefore, in directing verdicts in favor of the defendant insurance company

against each of the plaintiffs was not erroneous and the judgment will·be affirmed.

*Judgment affirmed.*

KLINGER and SHERICK, JJ., concur.

Judges KLINGER and GUERNSEY of the Third Appellate District and Judge SHERICK of the Fifth Appellate District sitting by designation in the Sixth Appellate District.